Gabrielli, J.
Following a trial and successful appeals, the
finding and adjudication that appellant, then 10 years old, was a “ Person in need of supervision ” was reversed, on consent, for a failure of proof beyond a reasonable doubt, and the proceeding was dismissed (Matter of Bichard S., 27 N Y 2d 802). There followed the present application for an order ‘1 directing the expungement of all court and police records relating to his arrest, trial and adjudication”. His request for relief was denied by the Family Court, the Appellate Division affirmed (40 A D 2d 631), and that court thereafter granted leave to appeal.
The basis for the application to expunge the record was “ to prevent [them] from standing as obstacles to petitioner’s future progress, particularly in seeking employment after completing *595 school ’ ’; that absent expungement of the records, he will be discriminated against in connection with future education and licensing; and, hence, it is urged that the maintenance of the records or divulging their contents violates his constitutional guarantee of due process and equal protection of the law.
Not without logic, it is argued that “ [opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved ” (Menard v. Mitchell, 430 F. 2d 486, 490) and that the claim of secrecy of juvenile proceedings, ostensibly provided by section 166 of the Family Court Act, is ‘ ‘ more rhetoric than reality ” (In re Gault, 387 U. S. 1, 24), since many employers, the military services and governmental agencies require information on applicants’ Family Court records.
Our attention has been called to Matter of Henry v. Looney (65 Misc 2d 759) wherein then-Justice Wachtleb directed that the infant’s name and his parents’ surname be obliterated, and that the records be otherwise sealed, subject to inspection upon order of the court. In that case, the juvenile’s apprehension was baseless and, because it was conceded that no offense had been committed and the entire affair was a mistake, the charges were withdrawn. The court recognized, however, that when an arrest fails to terminate with an adjudication for reasons other than complete innocence, expunction might be inappropriate.
Thus, in the posture of this case, we find no statutory or other authority for the grant of the requested relief. Such discretion as there may exist rests solely in the Family Court (Family Ct. Act, § 166). It must, however, be recognized and conceded that in these cases where there can be no benefit to society in maintaining such records — and—where their maintenance will result in unwarranted discrimination in the child’s future, he should not be further penalized, nor should irreparable harm (the antithesis of the purpose of the Family Court Act) be the end result. The subject matter of this proceeding is one of legislative concern. Neither section 166 of the Family Court Act nor section 79-e of the Civil Eights Law is adequate to solve any inequities which may be suggested by these problems. There are fingerprint, photographic and police department records that must also be considered. The Family Court has, of course, *596 inherent power over its own records. To the extent possible, the sealing of court records is a proper method of insuring their confidentiality. (Matter of Donald J., 37 A D 2d 717.)
The order should be affirmed, without prejudice to a new application addressed to the discretion of the Family Court, to determine whether or not it should seal the records in this case.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Jones and Waohtler concur.
Order affirmed, without costs and without prejudice to a new application addressed to the discretion of the Family Court, to determine whether or not the records in this case should be completely sealed, subject only to inspection upon order of the court on good cause shown.