Phillip B. Thurston, J.
The within juvenile delinquency proceeding was commenced by petitioner against respondent in October, 1971. The petition alleged that respondent, acting in concert with four others, unlawfully assembled, acted in a manner to cause a riot and had dangerous weapons in his possession. A fact-finding hearing was held on February 7, 1973. Prior to the hearing, the matter was before this court on 10 different dates. At no time from March, 1972 until February 7, 1973 was petitioner ready to proceed to trial. The last adjourned date prior to hearing was December 11,1972.
On February 7, 1973 the Trial Judge dismissed the petition for failure to present a prima facie case after petitioner rested his case. Respondent subsequently made an ex parte application to this court for an order expunging the names of respondent and his parents from this court’s records and the record of the Police Department. The application was granted. What is before this court now is a motion by petitioner to have the order of expungement vacated.
Petitioner’s moving papers set forth as grounds for granting the within motion that this court has no jurisdiction to grant an order of expungement and that respondent is not entitled to such an order. This court will first consider whether or not this court has the power to grant an order of expungement since, if this court has no jurisdiction it is unnecessary to decide whether or not there are grounds for granting respondent such an order.
1 Petitioner has argued that this court does not have the jurisdiction to order expungement of its own records or the records of the Police Department. ‘ ‘ The Family Court has, of course, inherent power over its own records.” (Matter of Richard S., 32 N Y 2d 592, 595-596.) Petitioner’s argument in this respect, therefore, fails. With respect to this court’s jurisdiction over the records of the Police Department, jurisdiction is specifically conferred by the newly amended section 255 of the Family Court Act. As amended, section 255 of the Family Court Act is an express grant of jurisdiction to the Family Court to order any State, county or municipal officer to do, within Ms legal authority, what is needed to further the objects of the Family Court Act (Usen v. Sipprell, 41 A D 2d 251). As the Police Department has the authority to expunge its records (Bilick v. Dudley, 356 F. Supp. 945, 949) and, as discussed below, the purposes of the Family Court Act are furthered by granting expungement in this case, this court has jurisdiction pursuant to section 255 of the Family Court Act.
*439 An increasing number of courts have recognized that there can be a right to the expunction of records and have granted motions to expunge in individual cases.[1] The courts in these cases have recognized that the maintenance of arrest and court records is a substantial detriment. This court agrees. The prejudice and hardship resulting from these records has been well documented. The records may prevent, hinder or delay the consideration of the arrested person for employment[2], referral by employment agencies[3], acceptance into colleges and apprenticeship programs[4], public housing[5], the armed forces[6], and obtaining a license[7]. These records may also be used to determine whether to make a subsequent arrest[8], to deny release prior to trial or an appeal[9] and to determine sentence[10].
Movant nowhere denies that vacating the within order of expungement would, at the very least, handicap respondent. Instead, movant argues that “ an innocent man accused of crime is sometimes compelled to make sacrifice and undergo suffering *440 for the benefit of society.” (Matter of Molineux v. Collins, 177 N. Y. 395, 399.) However, movant fails to set forth any ways in which society will benefit from the retention of respondent’s name and the names of respondent’s parents on police and court records. This court can find no way in which society will benefit by the granting of the relief requested. Indeed, the Legislature has determined that society would best be served by . establishing juvenile proceedings. The purpose of juvenile proceedings is to help juveniles. The procedures are to be protective (McKeiver v. Pennsylvania, 403 U. S. 528, 545), not punitive (Matter of Gault, 387 U. S. 1, 16). The Court of Appeals has stated that it must ‘1 be recognized and conceded that in these cases where there can be no benefit to society in maintaining such records — and — where their maintenance will result in unwarranted discrimination in the child’s future, he should not be further penalized, nor should irreparable harm (the antithesis of the purpose of the Family Court Act) be the end result.” (Matter of Richard S., 32 N Y 2d 592, 595.) Since the within order of expungement will protect respondent from future discrimination and hardship in furtherance of the purposes of the Family Court Act, this court holds that there are grounds for granting the said order.
Also, as respondent has argued in opposition to the within motion, the maintenance of the records raises constitutional questions (Menard v. Mitchell, 430 F. 2d, 486, 491-492, supra), with respect to due process, equal protection (Matter of Smith, 63 Misc 2d 198, 203) and right to privacy (Matter of Henry v. Looney, 65 Misc 2d 759, 762).
For all of the reasons set forth above, the motion to vacate the order of expungement is denied.

. For examples of eases in other jurisdictions see: Wheeler v. Goodman (306 F. Supp. 58 [W. D. N. C., 1969], vacated on other grounds 401 U. S. 987 [1971] ); Hughes v. Rizzo (282 F. Supp. 881 [E. D. Pa., 1968]); United, States v. McLeod, (385 F. 2d 734 [C. A. 5th, 1967]; Irani v. District of Columbia (272 A. 2d 849 [D. C. Ct. App., 1971]); T. N. G. v. Superior Ct. of City and, County of San Francisco (4 Cal. 3d 767); Morrow v. District of Columbia (417 F. 2d 728 [D. C. C. A., 1969]); United, States v. Kalish (271 F. Supp. 968 [D. P. R, 1967]); Gomez v. Wilson (323 F. Supp. 87 [D. C. D. C., 1971]); Wilson v. Webster (467 F. 2d 1282 [C. A. 9th, 1972]).

. Sparer, Employability and the Juvenile Arrest Record, Center for the Study of Unemployed Youth, New York University, pamphlet, 1967; Hess & LePoole, Abuse of the Record of Arrest Not Leading to Conviction, 13 Crime and Delinquency 494 (1967); Portnoy, Employment of Former Criminals, 55 Cornell L. Rev. 306; H. Miller, The Closed Door: The Effect of a Criminal Record on Employment with State and Local Public Agencies, report sponsored by U. S. Dept, of Labor, Manpower Admin., Office of Research and Development (1972) .

. The Challenge of Crime in a Free Society (Press Comm. on Law Enforcement, 1967 at 75).

. Nussbaum, First Offenders: A Second Chance, 4 (1956).

. Matter of Manigo v. New York City Housing Auth. (51 Misc 2d 829, affd. 27 A D 2d 803, cert. den. 389 U. S. 1008 [1967]).

. Gough, Expungement of Adjudication Records of Juvenile and Adult Offenders, 1966 Wash. Univ. L. Q. 147, 170-174 (1966).

. Sussman, Confidentiality of Records on Juveniles in Family Court (N. Y. L. J., Jan. 6-8, 1971, p. 1, col. 4).

. W. LaFave, Arrest, pp. 287-289 (1965).

. Russell v. United, States (402 F. 2d 185); Rhodes v. United, States (275 F. 2d 78).

. Menard v. Mitchell (430 F. 2d 486, 491).