Edith Miller, J.
In accord with Matter of Richard S. v City of New York (32 NY2d 592), petitioner’s motion is granted to the extent that all the records of this court pertinent to the case at bar are ordered sealed. The clerk of the court is to place the petition in a sealed file separate from the regular files within 30 days in the presence of counsel. Such records are to be made available only upon application of the petitioner, or by order of the court upon notice to petitioner.
"Except as otherwise provided by law, the probation administrator shall act under the direction of the Family Court Judge.” (22 NYCRR 2501.4 [a].) Pursuant to the above rules, the Probation Service is ordered to seal all of its records regarding petitioner in the above-entitled proceeding.
Petitioner has not only moved for the sealing of the Family Court records, but also moves for an order directing that all police records relating to the petitioner in the proceeding be sealed. The Court of Appeals held in Matter of Richard S. v City of New York (32 NY2d 592, supra) that the Family Court has inherent power over its own records, but there is no statutory or other authority to authorize the expungement of police records. In the Matter of Donald J. (37 AD2d 717, 717-718) the court stated: "The Family Court is not authorized or empowered to expunge police records. * * * However, it has inherent power over its own records.” As this court is without power to order the police department to seal its records, petitioner’s motion is denied. However, in order for the petitioner to be fully protected, the court urges the police department to voluntarily seal its records in regard to this proceeding.
Movant argues that there is authority under section 255 of the Family Court Act to order the police department to expunge its records. It is true that this was the holding in Matter of Terrance J. (78 Misc 2d 437). This court, however, is constrained to follow the decision in Matter of Richard S. v *439 City of New York (supra) which specifically held that there is no statutory or other authority to authorize expunction of police records.
Moreover, under section 255 of The Family Court Act the agency that is the object of a directive by the Family Court, must be legally authorized to perform the act directed by the said court. Expunction of records has been a matter requiring specific statutory authority. (Matter of Molineux v Collins, 177 NY 395; Matter of Peabody v Francke, 4 AD2d 962, mot for lv to app den 4 NY2d 673, cert den, Sub nom Peabody v Gulotta 357 US 941.)
Movant cites Bilick v Dudley (356 F Supp 945) as authority for the police department to expunge its own records. A reading of the facts in the Bilick case indicates that the police department did indeed expunge its own records, but does not indicate what actual authority supported such action. No other authority is cited by movant.
If an agency voluntarily performs an unauthorized act, there cannot, by that fact alone, be established a legal precedent for the authority which is a prerequisite for a Family Court directive under section 255 of the Family Court Act. This court is, in sum, not satisfied that either it, or the police department, possesses the requisite power to order expunction of police records. Therefore, the relief requested is only granted to the extent provided herein.