Reuben K. Davis, J.
The defendant brings on this ex parte application seeking the following relief: An order directing the clerk of this court, the Rochester Police Department, the NYSIIS (New York State Identification and Intelligence System) and the FBI to expunge from their records all references to the crimes of rape, first, and criminal mischief, second, on the files maintained by them relating to Charles De Gaugh and directing the Rochester Police Department to obtain and return to Charles De Gaugh all fingerprints and photographs taken of him in connection with said crimes.
It appears from an examination of the records of the court that on January 20, 1969, the defendant was arraigned on a charge of criminal mischief, third; that subsequently the charge was withdrawn by the complaining witness and the charge dismissed. The date of the dismissal is not indicated on this court’s record card.
On May 12, 1969, the defendant was arraigned in this court on a charge of rape in the first degree which allegedly occurred on May 11, 1969. According to the allegations set forth in an information dated May 16, 1969, signed by one Donald B. MacLean, a City of Rochester police officer, the complaining witness, after acknowledging a false rape accusation against defendant De Gaugh, was herself charged with perjury, second degree. The rape charge against De Gaugh was withdrawn by the District Attorney and the charge was dismissed. Again, the date of the dismissal is not indicated on this court’s record card.
As was observed in People v Levine (80 Misc 2d 292, 293): "The request to expunge or destroy arrest records to safeguard the character and reputation of a defendant is being raised with great frequency. A review of the decisions relating to this matter indicates that opinions differ as to the court’s authority to act, but are unanimous in concluding that a defendant’s *3 arrest record may adversely affect his future and that the problem should be one of legislative concern. (Matter of Richard S. v City of New York, 32 NY2d 592; Matter of Henry v Looney, 65 Misc 2d 759; Matter of Weisberg v Police Dept. of Vil. of Lynbrook, 46 Misc 2d 846.) However, the Legislature has failed to act and so the court must continue to resolve the problem on a case to case basis.”
Our attention has not been called to any authority, nor have we found such, upon which the relief sought by the defendant can be predicated in every case where the criminal prosecution was terminated. Section 79-e of the Civil Rights Law authorizes only the return, in a proper case, of photographs, photographic plates or proof, palmprints and fingerprints. The defendant cites the cases of Sullivan v Murphy (478 F2d 938) and Menard v Saxby (498 F2d 1017, 1023) as authority for the proposition that: "The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law, United States v McLeod, 385 F2d 734 (5th Cir. 1967). Thus, for example, both this court and the District Court for the District of Columbia have ordered the expungement of records of police action taken in flagrant violation of the Fourth Amendment.”
The conclusion we reach here is not at war with the conclusions in the Sullivan and Menard cases (supra), for expungement was ordered in those cases only after it was first determined that the original arrests were not based upon probable cause.
Assuming that this court possesses such power, arrest records need not necessarily be ordered destroyed in every case where the prosecution of the case does not proceed. Indeed, it has been held that where an "arrest fails to terminate with an adjudication for reasons other than complete innocence, ex-punction might be inappropriate.” (Matter of Richard S. v City of New York, 32 NY2d 592, 595.) Consistent, however, with the holding in Matter of Richard S. (supra), where no societal benefit will result in the maintenance of arrest records, but irreparable harm may be caused to a defendant in a case where the criminal prosecution was terminated favorably to the defendant although complete innocence was not established, we conclude that the relief sought by the defendant with reference to the charge of rape in the first degree should *4 be granted for it appears that the rape charge was completely baseless.
As to the charge of criminal mischief in the third degree, we do not believe the defendant is entitled to the relief requested under the guidelines established in Matter of Richard S. (supra). The moving papers contain no facts upon which this court could conclude that "the arrest was baseless, no offense had been committed, the defendant was completely innocent and the entire affair was a mistake.” (People v Levine, 80 Misc 2d 292, 295, supra.)
The defendant’s motion for an order to the Rochester Police Department, to the Clerk of the City Court, City of Rochester, Criminal Branch, to expunge from their records all references to the defendant’s arrest upon the charge of rape in the first degree and for the Rochester Police Department to return all photographs, photographic plates or proof, palmprints and fingerprints, with reference to the crime of rape in the first degree is granted.
The motion for an order directing the destruction of the defendant’s arrest record with reference to the charge of criminal mischief, third degree, is denied; the defendant’s motion for an order directing the Rochester Police Department to return all photographs, photographic plates or proof, palmprints and fingerprints in connection with the charge of criminal mischief, third degree, is granted.