In the Matter of ANTHONY P. (ANONYMOUS), Respondent. CITY OF NEW YORK, Appellant.

Second Department, December 18, 1978

### APPEARANCES OF COUNSEL

*Allen G. Schwartz, Corporation Counsel (Maureen F. Brennan* and *Francis F. Caputo* of counsel), for appellant.

*William E. Hellerstein* and *Charles Schinitsky (Helen Neuborne* of counsel *[Emanuel Saidlower* trial counsel]), for respondent.

## OPINION OF THE COURT

SUOZZI, J.

### THE ISSUE

■ The question raised by this appeal is whether the Family Court has the power, after it had adjudged the allegations of a petition to declare a respondent a juvenile delinquent to be unfounded and without merit, to order the Police Department of the City of New York to destroy its records relating to respondent's arrest and the charges of juvenile delinquency filed against him. We hold that the Family Court has that power.

### FACTS

On September 27, 1976 a juvenile delinquency petition was filed against respondent. It alleged that on August 29, 1976 respondent, who was then 14 years old, committed acts which, if done by an adult, would constitute the crimes of grand larceny in the third degree (Penal Law, § 155.30) and criminal mischief in the fourth degree (Penal Law, § 145.00). On November 9, 1976 proceedings were conducted in the Family Court, Queens County. Respondent appeared, accompanied by his mother, and was represented by a Law Guardian.

At the commencement of the proceedings, the Assistant Corporation Counsel made an application to the court for the purpose of withdrawing the charges lodged against respondent. He informed the court that the complainant advised him that respondent had been a witness and was named in error as a participant in the acts alleged in the petition. The complainant also informed the court that such an error had been made.

After the liaison probation officer requested the court to seal respondent's record, the Law Guardian moved for an order directing expunction of the records of the court, the probation department and the police department. The Law Guardian informed the court that respondent had "never been in any kind of difficulty whatsoever with the police." The Assistant Corporation Counsel joined the Law Guardian in this application and requested that respondent stipulate to release the

police department and the City of New York from any liability arising out of respondent's arrest. The Law Guardian stated there would be no objection to the proposed agreement after the police department expunged its records.

The Family Court reserved decision on the portion of respondent's motion which sought expunction of the police department's records. The court indicated that it would order such expunction after it ascertained whether it had authority to so direct the police department.

By order dated December 8, 1976 (LEVINE, J.), the petition was dismissed and all court and police department records relating to the petition were ordered expunged. The order directed that "all records, reports, files and entries under the control of the Police Department" be physically obliterated.

Appellant sought reargument and vacatur of that portion of Judge LEVINE's order which directed expunction of the police department's records. This relief was sought on the ground that the court possessed no authority to make such an order.

### DECISION OF THE FAMILY COURT

The Family Court granted reargument and decided to order expunction of the police department's records pursuant to authority purportedly found in the recently enacted subdivision 2 of section 753-b of the Family Court Act (added by L 1977, ch 447, § 3, eff Sept. 1, 1977). By order dated September 15, 1977, the Family Court directed the police department to destroy "all fingerprints, palmprints, photographs and copies thereof, if any, of respondent [and][1] all information relating to allegations of juvenile delinquency against respondent".

In its decision on reargument, the Family Court noted the following salient provisions of section 753-b of the Family Court Act:

(1) The Family Court was authorized to order the destruction of fingerprints, palmprints or photographs of a person which were taken pursuant to section 724-a of the Family Court Act and to order the destruction of all information relating to the allegations of juvenile delinquency obtained by the Division of Criminal Justice Services pursuant to section 724-a, if the allegations of juvenile delinquency were disposed

---

1. The police department's records concerning respondent do not contain this type of information because the department had no authority to obtain such information (see Family Ct Act, former § 753-b, repealed by L 1977, ch 447, § 2).

of in any manner other than an adjudication of juvenile delinquency for an act which, if committed by an adult, would constitute a class A, B or C felony; and

(2) The order of the Family Court under those circumstances was to be served upon the Commissioner of the Division of Criminal Justice Services and upon the heads of all police departments and law enforcement agencies having copies of such records and the latter were to implement the order without unnecessary delay.

The Family Court held that section 753-b of the Family Court Act clearly manifested an intent to give the Family Court the power, in cases such as the one at bar, to order both the Division of Criminal Justice Services and the police to destroy all information in their possession relating to the allegations of juvenile delinquency against the person involved.

Although section 753-b of the Family Court Act, as it read at the time of the Family Court's decision, expressly covered only juvenile delinquents who had their records taken after being charged with an act which, if committed by an adult, would be a class A, B or C felony, whereas the respondent was charged with acts which if done by an adult would constitute a class E felony and a class A misdemeanor, the Family Court declared that "it would be against reason to hold that the legislature intended that the relief afforded to juvenile respondents under new F. C. A. § 753-b would be extended only to those respondents exonerated of committing acts which would be A, B, or C felonies if done by an adult."[2]

Finally, the Family Court ruled that section 753-b of the Family Court Act should be given retroactive effect, citing section 7 of chapter 447 of the Laws of 1977, the law which added section 753-b to the Family Court Act. Section 7 provides: "Notwithstanding any inconsistent provision of any law any fingerprints or photographs taken, and copies thereof, pursuant to section seven hundred fifty-three-b of the family court act repealed by section two of this act shall be subject to the provisions of this act as if they had been taken pursuant to these provisions."

---

2. Section 753-b of the Family Court Act was amended by chapter 478 of the Laws of 1978 so as to eliminate the distinction between class A, B and C felonies and other felonies and offenses. Instead, a distinction was made between class A and B felonies and other felonies and offenses, but only as to juveniles aged 11 and 12 at the time the acts were committed.

Section 753-b of the Family Court Act, as it read at the time of the decision of the Family Court, provided:

"Retention and destruction of fingerprints of persons alleged to be juvenile delinquents

"1. If a person whose fingerprints were taken pursuant to section seven hundred twenty-four-a of this act is adjudicated to be a juvenile delinquent for an act which if committed by an adult would constitute a class A, B or C felony, the family court shall forward or cause to be forwarded to the division of criminal justice services notification of such adjudication and such related information as may be required by such division.

"2. If a person whose fingerprints, palmprints or photographs were taken pursuant to section seven hundred twenty-four-a of this act has had all allegations of juvenile delinquency finally disposed of in any manner other than an adjudication of juvenile delinquency for an act which if committed by an adult would constitute a class A, B or C felony, the family court shall enter an order directing that all such fingerprints, palmprints, photographs, and copies thereof, and all information relating to such allegations obtained by the division of criminal justice services pursuant to section seven hundred twenty-four-a of this act shall be destroyed forthwith. Such order shall be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and law enforcement agencies having copies of such records, who shall implement the order without unnecessary delay.

"3. If a person fingerprinted pursuant to section seven hundred twenty-four-a of this act and subsequently adjudicated a juvenile delinquent for an act which if committed by an adult would constitute a class A, B or C felony is subsequently convicted of a crime, all fingerprints and related information obtained by the division of criminal justice services pursuant to such section and not destroyed pursuant to subdivision two or four of this section shall become part of such division's permanent adult criminal record for that person, notwithstanding section seven hundred eighty-three or seven hundred eighty-four of this act.

"4. When a person fingerprinted pursuant to section seven hundred twenty-four-a of this act and subsequently adjudicated a juvenile delinquent for an act which if committed by

an adult would constitute a class A, B or C felony reaches the age of twenty-one, or has been discharged from placement under this act for at least three years, whichever occurs later, and has no criminal convictions or pending criminal actions which ultimately terminate in a criminal conviction, all fingerprints and related information and copies thereof obtained pursuant to section seven hundred twenty-four-a in the possession of the division of criminal justice services shall be destroyed forthwith and in the case of a criminal action which is dismissed or withdrawn, shall be destroyed forthwith upon such dismissal or withdrawal."

Section 724-a of the Family Court Act, which was enacted at the same time as section 753-b, provides:

"Fingerprinting of certain alleged juvenile delinquents

"1. Following the arrest of a person alleged to be a juvenile delinquent, or the appearance in court of a person not arrested who is alleged to be a juvenile delinquent, the arresting officer or other appropriate police officer or agency shall take or cause to be taken fingerprints of the arrested person or respondent if: (a) the arrested person or respondent is eleven years of age or older and the act which is subject of the arrest or which is charged in the petition would, if committed by an adult, constitute a class A or B felony; or

"(b) the arrested person or respondent is thirteen years of age or older and the act which is subject of the arrest or which is charged in the petition would, if committed by an adult, constitute a class C felony.

"2. Whenever fingerprints are required to be taken pursuant to subdivision one of this section, the photograph and palmprints of the arrested person or respondent, as the case may be, may also be taken.

"3. The taking of fingerprints, palmprints, photographs, and related information concerning the arrested person or respondent and the facts and circumstances of the acts charged in the juvenile delinquency proceeding shall be in accordance with standards established by the commissioner of the division of criminal justice services and by applicable provisions of this article.

"4. Upon the taking of fingerprints pursuant to subdivision one of this section, the appropriate officer or agency shall, without unnecessary delay, forward such fingerprints to the division of criminal justice services and shall not retain such

fingerprints or any copy thereof. Copies of photographs and palmprints taken pursuant to this section shall be kept confidential and only in the exclusive possession of such law enforcement agency, separate and apart from files of adults."

It should be initially noted that the City of New York does not seriously contend that section 753-b of the Family Court Act, as it read at the time of the Family Court's decision, is only applicable to juveniles who are charged with acts which, if committed by adults, would be class A, B or C felonies, and is, therefore, not applicable to the respondent herein, who was charged with acts which, if committed by an adult, would only be a class E felony or a class A misdemeanor.[3] Indeed, such an argument was effectively rebutted by the Family Court when it demonstrated the patent absurdity thereof. Rather, the City of New York takes the position on this appeal that (1) absent specific statutory authority, the Family Court has no power to expunge records maintained by a police department and (2) section 753-b of the Family Court Act did not confer that power on the Family Court.

In support of this position, the city cites, in chronological order, *Matter of Donald J.* (37 AD2d 717), *Matter of Richard S. v City of New York* (32 NY2d 592, mot for rearg den 33 NY2d 744) and *Matter of Antonio P.* (40 NY2d 960).

In *Matter of Donald J. (supra)*, this court upheld the denial of a motion to expunge the name of a youth from all court and police records where the petition to adjudge the youth a juvenile delinquent was withdrawn. The court stated *(supra,* p 717): "The Family Court is not authorized or empowered to expunge police records".

In *Matter of Richard S. v City of New York* (32 NY2d 592, 594, *supra)*, a finding and adjudication that a youth was a " 'Person in need of supervision' " was reversed on appeal, by consent, for failure of proof beyond a reasonable doubt and the proceeding was dismissed. An application was then made to the Family Court for an order " 'directing the expungement of all court and police records relating to his arrest, trial and adjudication'." The request was denied by the Family Court; the denial was affirmed by the Appellate Division, First Judicial Department, and finally the Court of Appeals. In its

---

**3.** Such an argument could not even be advanced by the city with regard to this respondent under the statute as amended. Since this respondent was 14 years old at the time the acts complained of were committed, the class of felony with which he was charged is now immaterial.

decision, the Court of Appeals stated *(supra,* p 595) that it could "find no statutory or other authority for the grant of the requested relief." The court in *Richard S.* distinguished (and thereby obviously approved) the decision of then Justice WACHTLER sitting in Special Term in *Matter of Henry v Looney* (65 Misc 2d 759), where an infant's name and his parents' surname were obliterated from all police records. The court in *Richard S. (supra,* p 595), stated that in *Matter of Henry v Looney* "the juvenile's apprehension was baseless and, because it was conceded that no offense had been committed and the entire affair was a mistake, the charges were withdrawn."[4]

In concluding its decision, the court in *Matter of Richard S.* (32 NY2d 592, 595, *supra)* stated: "It must, however, be recognized and conceded that in these cases where there can be no benefit to society·in maintaining such records—and— where there maintenance will result in unwarranted discrimination in the child's future, he should not be further penalized, nor should irreparable harm (the antithesis of the purpose of the Family Court Act) be the end result. The subject matter of this proceeding is one of legislative concern."

The court stated that until appropriate legislation was enacted, the applicant's only remedy was to apply to the Family Court for a sealing of the latter's records.

In *Matter of Antonio P.* (40 NY2d 960, *supra)* a claim was made that section 255 of the Family Court Act granted the Family Court the power to order expunction of police records of a juvenile. The Family Court rejected this argument and held that it did not have the power, citing *Matter of Richard S. (supra).* That ruling was affirmed without opinion by the Appellate Division, First Judicial Department, and was affirmed by the Court of Appeals in a memorandum decision in which that court *(Matter of Antonio P.,* 40 NY2d 960, *supra)* stated: "It need only be added that appellant's contentions were considered and by implication rejected by this court in *Matter of Richard S. v City of New York* (32 NY2d 592, mot for rearg den 33 NY2d 744). The cited provision of the statute has not changed since (Family Ct Act, § 255)."

Since all three of these cases preceded the enactment of section 753-b of the Family Court Act, they cannot be consid-

---

4. The facts in *Henry* (65 Misc 2d 759) are strikingly similar to those at bar (see, also, *Diorio v City of Utica,* 85 Misc 2d 374; *People v De Gaugh,* 84 Misc 2d 1).

ered as authority for the proposition that the Family Court is without authority to direct expunction of police department records.

The city next argues that, in any event, section 753-b of the Family Court Act does not by its language grant the Family Court the broad power to direct the expunction of all internal police records regarding the juvenile and the particular arrest, but only grants that court the power to direct expunction of records (and copies) obtained by the Division of Criminal Justice Services pursuant to section 724-a of the Family Court Act.

Apart from the fact that the records obtained by the Division of Criminal Justice Services and internal police records regarding a juvenile arrest are not significantly different, the City of New York has cited no authority in the legislative history of the 1977 enactment, or in the policy embodied therein, to support the claim that the Legislature intended to limit the remedy of expunction narrowly to items produced pursuant to section 724-a of the Family Court Act. Although the city cites Governor Carey's memorandum filed with the bill as support of its position, an examination of that memorandum indicates that it is inconsistent with the city's narrow interpretation. The memorandum of the Governor declares (McKinney's Session Laws of NY, 1977, p 2500): "The bill contains provisions for the protection of the confidentiality of juvenile arrest records by the Division of Criminal Justice Services and for their total destruction if the juvenile is not adjudicated a juvenile delinquent * * * This legislation also provides for the destruction of juvenile arrest records, even if the juvenile is adjudicated for such an offense, when the individual reaches the age of 21 or has been discharged from a youth facility for at least three years, if he has not been convicted of an adult offense." This language, and the last sentence of the Governor's memorandum, which states, "At the same time, the bill adequately protects the confidentiality of juvenile arrest records and would prevent their use for any nonjudicial purpose", clearly negate any narrow construction of the statute and support the proposition that the juvenile's total arrest record in the possession of the police may be ordered expunged by the Family Court.

The city next argues that the Legislature did not intend to burden the police "with a duty to expunge every type of identification information about a juvenile." However, this is a

fallacious argument. No such burden on the police has been established and, even if it were, it would pale beside the unfair burden that a juvenile would be forced to suffer in the realm of missed opportunities in " 'schooling, employment or professional licenses' " *(Matter of Richard S. v City of New York,* 32 NY2d 592, 595, *supra)* if the arrest records were not destroyed as authorized by the statute.

██ Finally, the city objects to that portion of the Family Court's order directing expunction of the court's own records. The city argues that at most the court could only order that its records be sealed and that destruction of the court's records constituted an abuse of discretion since the records could "further assist not only the Court but the juvenile as well."

This position is without merit. The Family Court has "inherent power over its own records" *(Matter of Richard S., supra,* p 596; *Matter of Dorothy D.,* 62 AD2d 473). Expunction of the Family Court's records regarding this respondent is clearly consistent with the aims of section 753-b of the Family Court Act and the order directing same should not be disturbed.

Accordingly, the order of the Family Court should be affirmed insofar as appealed from.

LATHAM, J. P., DAMIANI and TITONE, JJ., concur.

Order of the Family Court, Queens County, dated September 15, 1977, affirmed insofar as appealed from, without costs or disbursements. (An appeal from an order of the same court dated December 8, 1976, has apparently been abandoned. That order was superseded by the order dated September 15, 1977, which granted reargument.)