628

■ In the Matter of LUCKY LOUNGE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination dated February 8, 1978, which, after a hearing, *inter alia,* revoked the petitioner's liquor license and imposed a $1,000 bond claim. Determination confirmed and proceeding dismissed on the merits, with costs. The respondent's findings are based on substantial evidence and we do not find the penalty imposed shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Lazer, J. P., Margett, Martuscello and Mangano, JJ., concur.

■ In the Matter of DONALD V. WADE, Respondent, v DEPARTMENT OF MENTAL HYGIENE OF THE STATE OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to expunge all references to the petitioner's commitment in the Central Islip Psychiatric Center from appellants' records, the appeal is from a judgment of the Supreme Court, Suffolk County, dated October 2, 1978, which granted the petition. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding dismissed on the merits. Special Term was not authorized to expunge any records as to petitioner's certification of mental illness and commitment. "Expungement of records generally is a matter of legislative concern, and no statute provides for the expungement sought (see *Matter of Richard S. v City of New York,* 32 NY2d 592, 595-596; cf. *Matter of Moleneux v Collins,* 177 NY 395, 398-399). Instead, the Legislature has provided for sealing of records to protect patients from undue publication of certification and commitment (Mental Hygiene Law, § 15.31, subd [f])" (see *Palmer v New York State Dept. of Mental Hygiene,* 44 NY2d 958, 960). Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BARNES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 14, 1977, convicting him of attempted burglary in the third degree and petit larceny, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The guilt of the defendant was not established beyond a reasonable doubt. Hopkins, Damiani, Titone and Shapiro, JJ., concur; Mollen, P. J., dissents and votes to affirm the judgment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARPER KITCHING, Appellant.—Judgment of the Supreme Court, Queens County, rendered September 26, 1978, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Suozzi, Margett and Mangano, JJ., concur.