OPINION OF THE COURT
Memorandum.
The Appellate Division orders should be affirmed for the reasons stated by Mr. Justice Joseph A. Suozzi at the Appellate Division in Matter of Anthony P. (65 AD2d 294).
With respect to the dissenting opinion, we cannot agree that a statute, which requires the police to make certain records at the time of arrest for deposit in a central file, but also provides for the destruction of all those records if the charges are not sustained, nevertheless permits the police to retain in their own files some of the arrest records, essentially copies, simply because the statute did not require that they make the copies in the first instance. The statute’s beguiling symmetry should not divert us from the Legislature’s over-all objective which is to free juveniles of the stigma of an arrest record in cases, such as this, where the charges prove to be completely unfounded. Obviously it matters not whether the making of the record was prompted by statute, regulation, past practices, or was merely discretionary with the arresting officer, department or unit involved. The point is that the stigma will remain as long as the police preserve any record of the arrest no matter what the impetus. As we noted in Matter of Richard S. v City of New York (32 NY2d 592, 595): "It must, however, be recognized and conceded that in these cases where there can be no benefit to society in maintaining such records — and—where their maintenance will result in unwarranted discrimination in the child’s future, he should not be further penalized, nor should irreparable harm (the antithesis of the purpose of the Family Court Act) be the end result. The subject matter of this proceeding is one of legislative concern.”
Now that the Legislature has acted, it would be inappropriate for the courts to interpret the statute so narrowly as to *1025 frustrate the legislative intent (cf. Wein v Comptroller of State of N. Y., 46 NY2d 394, 399).