OPINION OF THE COURT
M. Holt Meyer, J.
Respondent has moved by notice of motion dated April 22, 1981 for an order pursuant to subdivision 2 of section 753-b of the Family Court Act directing the Clerk of the Family Court of the City of New York to serve the order of this court upon the Commissioner of the Criminal Justice Services, the Police Commissioner of the City of New York, and upon the heads of all police departments and law enforcement agencies to expunge all fingerprints, palm-prints, and records concerning the respondent herein.
Respondent was charged with such acts that if committed by an adult would constitute the crimes of sexual abuse in the second degree (Penal Law, § 130.60) and sexual abuse in the first degree (Penal Law, § 130.65).
The instant proceeding was commenced in Family Court by the filing of a juvenile delinquency petition dated July 24, 1980 against the respondent herein. On September 4, 1980, the respondent admitted to having committed acts constituting sexual abuse in the second degree. After a finding based on respondent’s admission that respondent did commit acts which if done by an adult would constitute *561 sexual abuse in the second degree, the respondent was granted an adjournment in contemplation of dismissal (ACD) on September 4, 1980. The case was dismissed on February 23, 1981.
Respondent moves by notice of motion dated April 22, 1981 for an order to expunge fingerprints, palmprints, photographs and all records regarding the instant proceeding, pursuant to subdivision 2 of section 753-b of the Family Court Act. Respondent argues that given the power of Family Court to order the destruction of records relating to respondent’s arrest and the charges of juvenile delinquency the court should do so here where the matter was dismissed after the ACD.
Subdivision 2 of section 753-b of the Family Court Act states: “If a person whose fingerprints, palmprints or photographs were taken pursuant to section seven hundred twenty-four-a of this act has had all allegations of juvenile delinquency finally disposed of in any manner other than an adjudication of juvenile delinquency for an act which if committed by an adult would constitute a felony, but in the case of acts committed when such child was eleven or twelve years of age would constitute a class A or B felony only, the family court shall enter an order directing that all fingerprints, palmprints, photographs, and copies thereof, and all information relating to such allegations obtained by the division of criminal justice services pursuant to section seven hundred twenty-four-a of this act shall be destroyed forthwith. Such order shall be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and law enforcement agencies having copies of such records, who shall implement the order without unnecessary delay.”
The question before the court is whether records of a juvenile should be expunged when there is a finding based on an admission and the proceeding is subsequently dismissed after an ACD on disposition.
In Matter of Todd H. and in Matter of Anthony P. (49 NY2d 1022) the court recognized the power of Family Court to order the Police Department of the City of New *562 York to destroy its records relating to respondent’s arrest and the charges of juvenile delinquency filed against him. However, in neither of these cases was there a finding that the respondents committed the acts charged. Thus the court held that their records should be expunged. Interpreting subdivision 2 of section 753-b of the Family Court Act, the Court of Appeals stated (p 1024): “The statute’s beguiling symmetry should not divert us from the Legislature’s over-all objective which is to free juveniles of the stigma of an arrest record in cases * * * where the charges prove to be completely unfounded.” (Emphasis added.)
Respondent made an admission on September 4, 1980 that he committed an act, which if committed by an adult would constitute the crime of sexual abuse in the second degree. This admission was made prior to the court granting an adjournment in contemplation of dismissal.
The act which respondent admits to is a serious crime. It is inconsistent with the court’s holding in Matter of Todd H. and in Matter of Anthony P. (supra), to apply its decision so freely so as to ignore the intentions of the Legislature to expunge only those records of juveniles where the charges are without merit.
In consideration of respondent’s admission that he committed the act the petition alleges, this court finds that a juvenile’s record should not be expunged where there has been a finding based on an admission and the proceeding is dismissed after an ACD on disposition.
The motion to order expungement is denied.