OPINION OF THE COURT
Arthur J. Abrams, J.
By letter-application dated April 30, 1982 respondent moves for an order directing the destruction by the Suffolk County Police Department of any and all of its records concerning the respondent relative to the instant petition pursuant to subdivision 2 of section 753-b of the Family Court Act. Notice of the application was given by the court to the County Attorney who has not responded to the “letter motion”.
The petition herein, alleging an act that would have constituted a crime of less than C felony stature if done by an adult, to wit: an act of petit larceny, a class A misdemeanor, was adjourned in contemplation of dismissal on September 17, 1981 pursuant to section 749 of the Family Court Act and finally dismissed on March 12, 1982. Read literally, section 753-b of the Family Court Act, upon which respondent relies, does not make available to respondent the relief requested because the underlying act alleged in the petition was not of a serious enough nature (i.e., at least a C felony) to warrant the taking of fingerprints and other identification data pursuant to section 724-a of the Family Court Act. Such an interpretation *675 would inevitably lead to the conclusion that the legislative intent of section 753-b of the Family Court Act was to permit the greater wrongdoer to avail himself of the benefit of the expunction of his record but not a lesser wrongdoer. This is patently absurd as was stated in the holding Matter of Anthony P. (65 AD2d 294, affd 49 NY2d 1022). There, the Appellate Division, Second Department, upheld orders of the Family Court directing the New York City Police Department to destroy its records relating to the arrest and the charges of juvenile delinquency against respondent after the charges had been dismissed as being without merit. The appellate court reasoned that such a destruction order while without specific statutory authority, was consistent with the intent of the Legislature in enacting section 753-b of the Family Court Act. As we view it, a similar destruction of the records is no less deserving when an adjournment in contemplation of dismissal is granted and the underlying petition eventually dismissed. The spirit of the adjournment in contemplation of dismissal is to give a respondent an opportunity to cleanse his “court record” by appropriate social behavior, we believe such appropriate behavior equally earns the respondent the expungement of his police record as well.
Accordingly, the motion is granted and the Suffolk County Police Department is directed to destroy all of its records concerning the respondent as relate to the petition herein.