OPINION OF THE COURT
John Austin, J.
The respondent, who was initially charged with having committed certain acts which, if committed by an adult, would consist of the crimes of burglary in the first degree and attempt to commit rape in the first degree, admitted the crime of burglary in the third degree (Penal Law, § 140.20) in full satisfaction of the petition pending against him. Subsequent to his admission, the respondent was adjudged to be a juvenile delinquent by the Warren County Family Court and was placed on probation for a period of two years with certain terms and conditions.
Inasmuch as the respondent is a resident of Westchester County and has been placed under the supervision of the Westchester County Probation Department, the Warren County Probation Department requested the Warren County Family Court to transfer its entire file to the Westchester County Family Court; moreover, the Westchester department indicated that such a transfer would facilitate supervision of the respondent during the two-year probationary period, insofar as any possible violations thereof are concerned. Counsel for the respondent objects to the transfer of the contents of the entire file insofar as it *802 contains affidavits and other information which are allegedly not pertinent to the disposition; counsel further maintains that only so much of the file as contains the findings of fact by the court, the disposition of the court and terms of probation imposed by the court should be transferred.
Accordingly, the issue to be resolved by this court is whether it is appropriate to transfer the contents of respondent’s entire Family Court file to the Family Court of his county of residence and probation.
Preliminarily, it must be noted that the “Family Court has * * * inherent power over its own records” (Matter of Richard S. v City of New York, 32 NY2d 592, 595-596). Section 176 of the Family Court Act provides: “If a person placed under probation by the family court resides in or moves to a county other than the county in which he was placed on probation, the family court which placed him on probation may transfer the proceedings to the county in which the probationer resides or to which he has moved or may place him under the supervision of the probation service attached to the family court in which the probationer resides or to which he has moved.” There is no provision contained in section 176 which limits the authority of the Family Court to transfer the instant “proceedings”. Although the word “proceedings” is not specifically defined in the Family Court Act, a broad interpretation would seem to coincide with the over-all legislative intent. Inasmuch as it is incumbent upon the court to consider not only the needs and interests of the respondent, but the need for the protection of the community as well (Family Ct Act, § 301.1), it is the opinion of the court that this objective will best be served by providing the Westchester County Family Court with all available information concerning the respondent.
Accordingly, it is the decision of this court that it is appropriate to transfer the contents of respondent’s entire file to the Westchester County Family Court.