■ In the Matter of BRYANT W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Queens County (Torres, J.), dated March 7, 1984, which denied appellant's motion for an order directing, *inter alia,* that the Clerk of the Family Court and the Director of the New York City Department of Probation expunge all mention of the appellant from their records, that the Commissioner of the New York City Police Department and the heads of any other agencies to which information regarding the within proceeding was transmitted expunge all mention of appellant from their records and destroy all photographs and fingerprints of him, and for a declaration that his arrest was a nullity.

Order modified, on the law, by adding thereto a provision that appellant's motion is granted to the extent of directing the expunction of records pursuant to Family Court Act §§ 354.1, 375.3, and is denied in all other respects. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Family Court, Queens County, to supervise the expunction of records.

The juvenile delinquency proceeding against appellant was dismissed, after a fact-finding hearing, on the ground that the allegations of the petition were not established. Following the dismissal, appellant moved for an order expunging certain records related to the proceeding and declaring his arrest a nullity. The Family Court denied appellant's motion, reason-

ing that the failure to prove guilt beyond a reasonable doubt was not tantamount to a finding that appellant was a "blameless child" entitled to expunction of all records related to his case.

The dismissal of the juvenile delinquency petition herein on the ground that the allegations on which it was based were not established is a finding which is consistent with innocence *(see, Matter of Dorothy D.,* 49 NY2d 212). Furthermore, there has been no showing of any benefit to society which would result from the maintenance of the records in issue *(see, Matter of Todd H.,* 49 NY2d 1022; *Matter of Richard S. v City of New York,* 32 NY2d 592, 595). In fact, neither the Corporation Counsel nor the Probation Department opposed appellant's motion. Under these circumstances, the appellant's motion should have been granted to the extent indicated herein. Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.