OPINION OF THE COURT
Catherine M. DiDomenico, J.
By petition dated July 31, 2007 the presentment agency brought this juvenile delinquency proceeding against this 16-year-old respondent alleging attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2] [count 1]), attempted burglary in the third degree (Penal Law §§ 110.00, 140.20 [count 2]), criminal mischief in the fourth degree (Penal Law § 145.00 [count 3]), and attempted criminal trespass in the second degree (Penal Law §§ 110.00, 140.15 [count 4]). On application of the Law Guardian, a pretrial Huntley hearing was held on September 17, 2007. At that hearing, the presentment agency called Police Officer Patrick O. as its first witness and the hearing was adjourned to October 2, 2007. On September 27, 2007, the Law Guardian filed an order to show cause requesting the addition of a pretrial Dunaway portion to the Huntley hearing. The basis for the request was the Law Guardian’s receipt of Rosario material which indicated respondent’s sealed fingerprints from 2006 was utilized and compared with latent prints recovered at the crime scene. On September 27, 2007, the Dunaway hearing was granted. On October 2, 2007, the hearing continued and the presentment agency again called Police Officer O. Respondent called his mother as his sole witness. Written summations were submitted on October 25, 2007 and supplemental submissions were filed on November 13, 2007.
The Law Guardian moves to suppress the arrest of respondent for lack of probable cause. Specifically, respondent argues that, as there is no dispute that respondent was arrested after a fingerprint found at the alleged crime scene was matched with fingerprints taken from this respondent in a 2006 arrest which resulted in no charges being brought against the respondent, the 2006 fingerprints should have been destroyed pursuant to Family Court Act § 354.1, and, therefore, cannot serve as a basis for this arrest.
The presentment agency concedes that no charges were brought against respondent in connection with the 2006 arrest and that the fingerprints taken at that time should have been *369 destroyed. The presentment agency, however, argues that the remedy for the inappropriate use of the 2006 fingerprints is not suppression of the arrest, but rather a civil action. (People v Patterson, 78 NY2d 711 [1991].) For the reasons set forth below, this court agrees with respondent, that since Family Court Act § 354.1 required that the 2006 fingerprints be destroyed after the presentment agency declined to prosecute, the prior prints may not be used as a basis for his subsequent arrest. Since the testimony of the presentment agency’s witness indicates that the latent fingerprint match was the sole basis for respondent’s arrest, the arrest is suppressed for lack of probable cause. Since the arrest is suppressed, the court need not consider respondent’s remaining arguments regarding the alleged unlawfulness of the warrantless arrest of this respondent from his home nor the alleged involuntariness of statements made by him after arrest.
Factual Background
On or about May 22, 2007, police retrieved a fingerprint from the window of a home located in Staten Island. No witnesses were located to identify who attempted to break into the home. Members of the fingerprint squad lifted the print and ran the print through a centralized database. A match was reported based on a sealed juvenile record. Since it was a sealed record, Police Officer O. testified that he was advised to consult “legal” to inquire as to the propriety of using the sealed print. After speaking to the legal department, Police Officer O. notified the burglary squad of the match and dispatched them to respondent’s home to pick up respondent. The match of the print found at the scene with the sealed print was the only link between this respondent and the crime scene. Respondent was arrested based on the fingerprint match.
Shortly thereafter, police officers went to respondent’s home to retrieve respondent. No arrest warrant was secured. Respondent’s mother’s sister who lives in the home allowed the police to enter the house. Respondent was handcuffed, removed from his home, placed in a police car and transported to the precinct for questioning. Respondent’s mother testified that, when she asked the police whether her son was under arrest, they said no and told her the handcuffs were required for transport.
Respondent was taken to the precinct where he was handcuffed to a handrail in the juvenile room. In the presence of his mother and stepfather, respondent was told that other boys had *370 implicated him as having participated in the crime. Shortly thereafter, respondent made an incriminating statement as to his involvement in the attempted burglary.
The parties dispute as to whether this statement was made before or after respondent’s Miranda rights were given to him in the presence of his mother and stepfather. After considering the credible testimony of Police Officer O. and examining the Miranda rights sheet and statement admitted into evidence at this hearing (petitioner’s exhibits 1, 2), this court finds that respondent’s rights were read, understood and acknowledged in writing before his statement was taken. After observing her testify, this court rejects as not believable respondent’s mother’s testimony that respondent was advised of his Miranda rights after his statement was made. After his statement, the respondent’s arrest was processed and he was again fingerprinted.
The Applicable Law
Family Court Act § 354.1 (5) and (3) require that fingerprints secured from a juvenile be destroyed in the event that the delinquency proceeding is decided in his favor or in the event that no proceeding is originated against the respondent. (Matter of Todd H., 49 NY2d 1022 [1980]; Matter of Anthony P., 65 AD2d 294 [2d Dept 1978]; Matter of Richard S. v City of New York, 32 NY2d 592, 595 [1973] [“where there can be no benefit to society in maintaining such records — and—where their maintenance will result in unwarranted discrimination in the child’s future, he should not be further penalized, nor should irreparable harm ... be the end result”].)
In this case, the presentment agency concedes that the 2006 arrest did not result in the filing of any proceeding against respondent and that respondent’s 2006 fingerprints should have been destroyed. Relying on People v Patterson (78 NY2d 711 [1991]), the presentment agency urges this court to find that the appropriate remedy for the subsequent use of the fingerprints is not suppression of the arrest, but a civil action. The Law Guardian argues that any remedy short of suppression fails to achieve the purpose of the destruction requirement set forth in Family Court Act § 354.1.
In Patterson, the Court of Appeals addressed the use of sealed records in a case involving an adult criminal defendant. Specifically, in Patterson, the defendant’s photograph from an old unrelated criminal charge was subsequently used in an identification procedure for a criminal prosecution. Defendant was picked *371 from the array as the perpetrator. Police then made the defendant participate in a subsequent lineup.
Relying on CPL 160.50, the Patterson Court ruled that the remedy for violation of CPL 160.50 is a civil action. The Patterson Court reasoned that since the purpose of CPL 160.50 is to remove the stigma of alleged criminal activity from one who had been acquitted by a court, the violation was of a statutory right, rather than a constitutional right, and, therefore, the remedy of suppression would not automatically follow from the violation. (People v Patterson, 78 NY2d 711 [1991].)
The presentment agency argues that the same result is dictated here. This court disagrees because Patterson may be distinguished from this case for a number of reasons. First, Patterson involved the rights of an adult defendant pursuant to CPL 160.50. The Court of Appeals has made clear that juvenile respondents who are the subject of delinquency proceedings in Family Court are entitled to increased protection not necessarily afforded to adult defendants. (See e.g. Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662 [1988]; see also Family Ct Act § 306.1 [limiting offenses for which juveniles over the ages of 11 and 13 may be fingerprinted].)
Second, the Patterson Court interpreted CPL 160.50 which is equivalent to the sealing statute set forth in Family Court Act § 375.1. In this case, however, respondent’s prints were to be destroyed pursuant to Family Court Act § 354.1, not simply sealed pursuant to Family Court Act § 375.1. (See Matter of Bryant W., 114 AD2d 962 [1985] [defendant entitled to expungement where juvenile delinquency proceeding was dismissed].) There is no statute mandating destruction of fingerprints for adult defendants. (See CPL 160.50 [1] [a] [providing for either destruction or return of photographs and fingerprints at the discretion of the agency].) The absence of a statute calling for mandatory destruction of arrest related information in adult criminal cases is indicative of the Legislature’s intent to provide increased protection to juveniles consistent with case law mandates.
Last, the Patterson Court was careful to point out that the improper use of the photograph at issue in that case “had no bearing on the reliability” of the subsequent lineup from which the Patterson defendant was later identified. (Patterson at 717-718.) Here, however, the latent fingerprint match was the sole mechanism by which the police linked this respondent with the crime scene. Accordingly, it cannot be said that the use of the 2006 print “had no bearing” on the respondent’s identification.
*372 It is a basic rule of statutory construction that statutes are to be interpreted in accordance with their plain meaning. (People v Floyd J., 61 NY2d 895 [1984].) Here, Family Court Act § 354.1 mandates the destruction of respondent’s 2006 fingerprints because the 2006 arrest did not result in the filing of any criminal proceeding against him. To destroy means, among other things, to “nullify” or to “mutilate beyond possibility of use” and in the case of documents, to obliterate their “legal efficacy.” (See Black’s Law Dictionary 404 [5th ed 1979].) Clearly, if respondent’s prior prints were to be destroyed as a matter of law, they should not have been preserved in a centralized database for potential use as an investigative tool or as a predicate for a subsequent arrest of this juvenile.
As the prints should not have existed in the first place, their use as a basis for a subsequent latent fingerprint match is suppressed. As the match was the basis for respondent’s arrest, the arrest falls for lack of probable cause. In reaching this conclusion, this court need not reach the question of whether Family Court Act § 354.1 gives rise to a constitutional right because the use of the 2006 print was on its face a violation of respondent’s statutory rights under Family Court Act § 354.1.
In light of the foregoing, this court need not address the remaining constitutional arguments raised by respondent. However, if the court were to reach these claims, the court would reject them and find there was no Payton violation based on the consent to entry given by respondent’s aunt, an occupant of this home, and further that respondent’s statement was knowingly and voluntarily made after being fully apprised of his rights.