OPINION OF THE COURT
Wachtler, J.
The issue in this case is whether the Family Court should have expunged from its records a juvenile delinquency petition brought against a blameless child by a neighbor. We agree with the Appellate Division that, in the circumstances of this case, the court’s failure to do so was an abuse of discretion as a matter of law.
This matter arose when the child’s mother filed a criminal complaint against a neighbor. In response the neighbor charged that the child, then aged 12, was a juvenile delinquent. At the intake level of Family Court, before the juvenile delinquency petition was formally filed, the neighbor offered to withdraw the petition if the criminal complaint was withdrawn. The mother refused and the petition was filed; however, when the child’s mother later withdrew the complaint, the petition lodged by the neighbor was withdrawn. The child through her Law Guardian then moved in Family Court for an order expunging from the court records all mention of her identity or the incident and for the sealing and separate filing of the petition.
The Family Court denied the motion, but granted permission to renew when the child reached the age of 16. Grounds *215 for denial of the motion were: (1) the fact that a brother of the child had been previously arrested; (2) the existence of certain information in the probation folder about the parent; and (3) the need for complete information about the family in the event of a future adjudication.
The Law Guardian argues that the harm generated by a court record may penalize the innocent by thwarting their career ambitions. It is contended that employers generally regard a record of complaint as a judgment of guilt with the result that applicants with court records are often automatically disqualified.
That the very existence of such records, despite provisions for confidentiality, may constitute a substantial impediment to entry into institutions of higher learning, government or private employment, the armed services, or the professions, cannot be seriously questioned. For this reason it would be antithetical to the purpose of the Family Court Act to maintain records which would not benefit society and would result in bringing unwarranted discrimination to a child’s future (Matter of Richard S. v City of New York, 32 NY2d 592, 595-596).
The inherent power of courts to control the records of their own proceedings has long been recognized in New York (Barker v Binninger, 14 NY 270, 278) and this power does not depend on statutory grant but exists independently and "inheres in the very constitution of the court” (Vanderbilt v Schreyer, 81 NY 646, 648). This power has been exercised to seal court records so as to preserve confidentiality in sensitive proceedings (Matter of Richard S. v City of New York, supra) as well as to expunge records relating to prosecutions where there was no conviction (Matter of Henry v Looney, 65 Misc 2d 759, 762-763).
Our court has made clear, and the Legislature has implicitly recognized, that this power is possessed by the Family Court. "The Family Court has, of course, inherent power over its own records” (Matter of Richard S. v City of New York, 32 NY2d 592, 595-596, supra). That decision noted, however, that the court’s inherent power over its own records does not extend to the records of executive agencies not normally subject to its direction, particularly those of the police (Matter of Weisberg v Police Dept, of Vil. of Lynbrook, 46 Misc 2d 846 [Meyer, J.]). Thus a request for expunction of both court and police records was denied by this court, in part for want of *216 authority: "The subject matter of this proceeding is one of legislative concern” (Matter of Richard S. v City of New York, supra, p 595).
Section 753-b (subd 2) of the Family Court Act (L 1977, ch 447) enacted subsequent to our decision in Matter of Richard S. (supra), specified certain instances in which the Family Court would have power over police records. In extending to the court authority over police records, while saying nothing of the court’s power over its own records, the Legislature tacitly acknowledged the Family Court’s inherent power, including the power to expunge.
Of course the circumstances of cases may vary so greatly that the exercise of that power necessarily must be consigned to the sound discretion of the court of first instance, reviewable only where there is an abuse of that discretion as a matter of law. And the power to expunge should not be indiscriminately employed, particularly where, for example the adjudication which terminates the arrest is for reasons not consistent with complete innocence (see Matter of Henry v Looney, supra).
However, on the facts of this case, where it is apparent that the petition was brought solely for spite against the parent, and the record is barren of any facts on which it could be properly founded, maintenance of a record of it, even a nominally sealed record, can serve no legitimate societal purpose, and may have unfortunate and undeserved consequences for the future of the individual concerned. We find ourselves unpersuaded that such "information” could have any legitimate use to the Family Court or anyone else in the event of a future proceeding because it is entirely without probative value. We are, moreover, troubled by the suggestion that the record of this sorry incident in some way acquired potential value by reason of the prior arrest of a sibling of the accused. Guilt by association or consanguinity has no place in our jurisprudence.
In sum, there being no legitimate purpose for preserving these records we conclude that the Family Court abused its discretion as a matter of law in denying the motion to expunge. The order of the Appellate Division, therefore, should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
*217 Order affirmed, without costs.