Jones, J.
(dissenting). I cannot accept the conclusion reached by the majority that the Legislature has manifested an intention that Family Court shall have broad authority to direct expunction of all records of juvenile delinquents maintained by external agencies in cases in which the charges against the juveniles are not sustained, however appealing and desirable the grant of such authority would be as a matter of policy. Neither the majority memorandum nor the opinion at the Appellate Division confronts the fact that the legislative enactment on which each relies, in both form and substance, as originally adopted and as subsequently amended, is detailed in particularized focus and makes expunction in the instances to which it applies mandatory rather than permissive.
At the threshold it is critical to observe that what is at issue on the appeals in these two cases is the authority of Family Court to order expunction of records of agencies which are external to and constitute no part of Family Court. We have recently upheld the authority of Family Court to expunge its own records (Matter of Dorothy D., 49 NY2d 212). In so doing we observed that such power "does not depend on statutory grant but exists independently and 'inheres in the very constitution of the court’ ”. We recognized, however, that "the court’s inherent power over its own records does not extend to the records of executive agencies not normally subject to its direction, particularly those of the police” (49 NY2d, at p 215). In Matter of Wade v Department of Mental Hygiene of State of N. Y. (49 NY2d 947 [April 22, 1980]) we held that Supreme Court had no authority to direct expunction of the records of the Department of Mental Hygiene because of lack of statutory authorization to do so.
Against this general background I turn to section 753-b of the Family Court Act, enacted by chapter 447 of the Laws of 1977, effective September 1, 1977. That chapter introduced a new section 724-a of the Family Court Act (carrying forward in part subject matter with respect to fingerprinting and photographing of juvenile delinquents which previously had been addressed in former section 753-b), repealed former section 753-b, and enacted a new section under that number. Examination of the various subdivisions of new sections 724-a and 753-b reveals that attention was paid to particulars and to *1026 careful differentiations and that the two sections are inextricably interrelated. Section 724-a mandates the taking of fingerprints of juveniles 11 years old or older charged with acts which, if committed by an adult, would constitute class A or class B felonies and of juveniles 13 years old and older charged with acts which would be class C felonies. Additionally it permits palmprinting and photographing when fingerprinting is mandated. It also provides for procedural standards and sets forth prescriptions with respect to forwarding and temporary confidential retention of the records so obtained.
The new section 753-b (subd 2 of which was the predicate for the decisions in the courts below and now for the majority in our court) deals with permanent retention and destruction of fingerprints, palmprints and photographs, but by explicit provision is limited only to those prints and photographs taken pursuant to section 724-a and its predecessor, former section 753-b. It does not make provision for the destruction of fingerprints, palmprints and photographs taken of juveniles generally nor does it address the destruction of juvenile delinquency records in general. Subdivision 1 makes provision for the permanent retention of prints and photographs taken pursuant to section 724-a when there has been a felony adjudication. Subdivision 2 mandates, in the specified circumstances to which it is applicable but only with respect to fingerprints, palmprints and photographs taken pursuant to section 724-a, the destruction thereof by Family Court, the Division of Criminal Justice Services and all police departments and law enforcement agencies. Subdivisions 3 and 4 contain further detailed provisions with respect to durational and permanent retention of such records. By chapter 478 of the Laws of 1978 the Legislature made adjustments in the details specified in section 753-b in particulars which are not pertinent to the present appeals.
Even a cursory examination of sections 724-a and 753-b discloses that drafting care was exercised in the enactment of these statutes. It appears that the Legislature concluded that in the more serious cases of juvenile delinquency fingerprinting should be required and palmprinting and photographing should be authorized. To this end it enacted section 724-a. Having then created this data bank, the Legislature proceeded to make appropriate provisions with respect both to retention and destruction of the material so obtained. This was accomplished in section 753-b. It is not insignificant either that the *1027 Legislature has imposed no discretion in Family Court; destruction when provided for is mandatory. Rather than manifesting any general intention that when charges of alleged juvenile delinquency are withdrawn or dismissed Family Court should be authorized to order destruction of all records in connection therewith however obtained and wherever maintained, the statute mandates destruction but only of records obtained pursuant to the provisions of section 724-a and then only in the circumstances specified in the statute. To Infer a grant of general authority in Family Court to expunge all such records is wholly to obliterate the detailed specifications laid down by the Legislature, in effect to exercise a power of judicial legislation in an appealing circumstance.
I turn then to the application of the statute as enacted to the two cases now before us. In Matter of Todd, the statute is applicable. The 15-year-old juvenile was charged with an act which if committed by an adult would have been a class B felony; therefore his case falls squarely within the particularized scope of section 724-a and thus of subdivision 2 of section 753-b. To the extent that the order of Family Court directs the destruction of all fingerprints, palmprints, photographs and copies thereof in the records of the Division of Criminal Justice Services and of all police departments and law enforcement agencies having copies thereof, it was properly made and affirmed at the Appellate Division. To the extent that it directed destruction of Arrest Report No. 45771 other than in the records of Family Court, however, it was unauthorized inasmuch as such a report in the custody of the police or law enforcement agencies does not come either within the statutory grant of authority to Family Court in section 753-b* or within the scope of that court’s inherent authority over its own records.
With respect to Matter of Anthony P., none of the expunction ordered by the courts below was authorized. In that case the alleged juvenile delinquent was charged only with a class E felony and a class A misdemeanor, neither of which would serve to bring him within the scope of section 724-a nor thus the reach of the authority granted to Family Court by section 753-b.
*1028 In Matter of Todd H.: Order affirmed, without costs, in a memorandum.
Chief Judge Cooke and Judges Gabrielli, Wachtler, Fuchsberg and Meyer concur; Judge Jones dissents and votes to modify in an opinion in which Judge Jasen concurs.
In Matter of Anthony R: Order affirmed, without costs, in a memorandum.
Chief Judge Cooke and Judges Gabrielli, Wachtler, Fuchsberg and Meyer concur; Judge Jones dissents and votes to reverse in an opinion in which Judge Jasen concurs.

 Nothing in the record suggests that the arrest report falls within "fingerprints, palmprints, photographs, and copies thereof, and all information relating to such allegations obtained by the division of criminal justice services pursuant to section seven hundred twenty-four-a”.