OPINION OF THE COURT
Richard D. Huttner, J.
This motion by respondent, seeks expunction of all records maintained by this court, the Division of Criminal Justice Services, as well as records maintained by the Probation and Police Departments of the City of New York, as they relate to the within proceeding. As authority, respondent cites Matter of Dorothy D. (49 NY2d 212) which holds that the Family Court possesses the inherent power to expunge the foregoing records.
Specifically, the record sought to be expunged relates to a juvenile delinquency petition charging a designated felony act. This petition was dismissed on the eve of trial for failure to prosecute, which was occasioned by the unwillingness of the complaining witness to co-operate in the prosecution of this case.
In opposition to expunction, the Probation Department of the City of New York argues that the holding of Dorothy D. (supra) authorizes expunction as an absolute right only with respect to "blameless” children. They claim further that juvenile arrest records must be preserved, citing section 734 (subd [a], par [ii]) of the Family Court Act, which mandates that the probation service maintain certain juvenile records for utilization in future adjustment decisions.
Factually, Dorothy D. (supra) pertains to a situation wherein the respondent was charged by reason of a misidentification. Because the respondent was completely innocent of the charges, the petition was dismissed and the court held that there was, "no legitimate societal purpose”, for preserving the arrest records. (Matter of Dorothy D., supra, p 216.) It is axiomatic that the court did not wish to countenance the perpetuation of this error by permitting the arrest record of the innocent respondent to remain intact. The court concluded that a denial of expunction under these circumstances would constitute a flagrant abuse of discretion. The court opined further, that the power to expunge is a discretionary one which, "should not be indiscriminately employed, particularly *168 where, for example the adjudication which terminates the arrest is for reasons not consistent with complete innocence”. (Matter of Dorothy D., supra, p 216; emphasis added.)
Dorothy D. (49 NY2d 212, supra) adopts the reasoning of Matter of Henry v Looney (65 Misc 2d 759, 762-763). Addressing expunction, that court remarked (p 762): "Of course, not every arrest record which fails to terminate with a conviction may or should be automatically expunged, each case must be evaluated on an individual basis. Convictions frequently fail for reasons other than a defendant’s innocence. Evidence may be suppressed. Charges may be withdrawn. A victim may refuse to testify — or be unavailable. And yet there may well be a legitimate public interest in permitting retention of the arrest record in such instances”. (Emphasis added.)
It is apparent to this court from the above cases, that expunction herein would constitute an abuse of discretion and is repugnant to the clear meaning of the holding of the Court of Appeals in Dorothy D. (supra). Contrary to the situation in Dorothy D. (supra) the dismissal of the within petition was based solely upon the unavailability of the victim. The respondent herein was not vindicated.
The Probation Department in Family Court, serves a unique purpose not to be found in the adult criminal justice system. That function is to intervene in order to attempt to resolve allegations of juvenile delinquency prior to the matter reaching the judicial stage at the "adjustment conference”. The value of this procedure is demonstrated in that more than half of all complaints against juveniles are diverted from the courtroom. (Matter of Anthony S., 73 Misc 2d 187.) The virtues of the informal adjustment process was referred to with approval in Matter of Gault (387 US 1, 31, n 48) a case whose holding stands as the "Magna Charta” of juvenile rights. Simply stated, prior arrests and the circumstances surrounding these contacts with the police, furnish relevant information required to decide whether a juvenile is an appropriate candidate for adjustment, or whether he should enter the adjudication process. The "intake adjustment” procedure requires an evaluation of various criteria, including age, prior history and other factors in order to determine whether the potential respondent’s case is susceptible to adjustment and accordingly whether it can be filtered out of the court process. (People v Price, 100 Misc 2d 372, 375, 376; Family Ct Act, § 734.)
*169 Section 734 (subd [a], par [ii]) of the Family Court Act specifies among those factors to be considered in adjustment decisions involving Corporation Counsel’s consent, "any report made by the arresting officer and record of previous adjustments and arrests, as it shall deem relevant” (emphasis added).
In view of the foregoing, it is manifest that the retention of this juvenile’s record with the Probation Department reflects a legitimate public interest. (Matter of Dorothy D., supra.) Accordingly, the respondent’s motion to expunge the Probation Department’s records is denied.
With regard to that portion of respondent’s motion to expunge police department records, the court will await the decision of the New York Court of Appeals in Matter of Anthony P. (65 AD2d 294). The identical issue is involved in that case, and therefore the motion to expunge police department records is denied, without prejudice pending the above decision.
Pursuant to subdivision 2 of section 753-b of the Family Court Act the record of this arrest contained in the record of the Division of Criminal Justice Services is expunged.
Likewise, the records of the clerk of the Family Court, Kings County, are ordered expunged since all of the above records serve no legitimate societal purpose. Such expunction is analogous to expunction of adult criminal records upon a favorable disposition pursuant to the authority of CPL 160.50.