OPINION OF THE COURT
Allan Dixon, J.
Petitions against Kane K. and Kelly K. were filed with this court by Donald J. Greeley alleging both children committed acts which would, if proven, allow the court to adjudge them to be juvenile delinquents. The proceedings against the respondents were dismissed on the grounds that the petitions and supporting depositions did not charge any specific act or acts which were committed by them. Thereupon, the Law Guardians moved to expunge the records of both Family Court and the County Attorney concerning the incident upon which the petitions were based.
The power of the court to control its own records is accepted law in New York. (Barker v Binninger, 14 NY 270, 278.) The Matter of Dorothy D. (49 NY2d 212) speaks clearly as to the expunction of records in Family Court situations. This court readily recognizes the power it has to expunge its own records particularly in cases where retention of such records serves no legitimate and societal purpose, and by this decision does so in the instant case.
*296 The motion by the Law Guardians, however, requested not only expunction of the records of Family Court, but also those of the County Attorney relating to this incident. Clearly this is more far-reaching than the factual situation in the Matter of Dorothy D., cited above. This court believes that it has the power to direct the County Attorney’s office to expunge its records concerning this matter. Section 255 of the Family Court Act gives this court very broad powers when dealing with other entities of the State, county or a municipality. The only criteria upon which the court can direct another government entity to co-operate is “to further the objects of this act”. As the Court of Appeals pointed out in Matter of Dorothy D. (supra, p 215): “That the very existence of such records *** may constitute a substantial inpediment to entry into institutions of higher learning, government or private employment, the armed services, or the professions, cannot be seriously questioned. For this reason it would be antithetical to the purpose of the Family Court Act to maintain records which would *** result in bringing unwarranted discrimination to a child’s future”.
Since it would advance the purposes of the Family Court Act for the records of the County Attorney to be expunged, this court directs, pursuant to section 255 of the Family Court Act, that the office of the Rensselaer County Attorney expunge all records relating to the juvenile delinquency petitions filed against Kane K. and Kelly K.
In addition, the records of the clerk of Family Court, Rensselaer County, are ordered expunged, since all of the above records serve no legitimate societal purpose.