OPINION OF THE COURT
Stanley H. Nason, J.
In each of the captioned matters the presentment agency has moved pursuant to section 375.1 of the Family Court Act to prevent the sealing of all official records and papers relating to the arrest and prosecution of the above-named respondents, including all probation records. Since the legal question at issue in each of these cases is identical the motions have been consolidated for decision.
Section 375.1 was recently enacted as part of a comprehensive statutory scheme to establish procedures in juvenile delinquency proceedings which comport with due process of law. In pertinent part, subdivision 1 of section 375.1 provides: “1. Upon termination of a delinquency proceeding against a respondent in favor of such respondent, unless the presentment agency * * * demonstrates to the satisfaction of the court that the interests of justice require otherwise or the court on its own motion * * * determines that the interests] of justice require otherwise * * * the court shall enter an order * * * directing that all official records and papers, including judgments and orders of the *246 court * * * relating to the arrest, the prosecution and the probation service proceedings, including all duplicates or copies thereof, on file with the court, police agency, probation service and presentment agency be sealed and not made available to any person or public or private agency.”
It is not disputed that the proceedings against each of the respondents herein were terminated favorably within the meaning of section 375.1 of the Family Court Act. However, the presentment agency has argued: first, that section 375.1 is nondiscretionary and requires that the court bar the sealing of the respondent’s records in each instance that a motion to bar sealing is made; second, that unless sealing is barred future dispositional hearings involving such respondents would be “sabotaged” by the absence of these records from the probation services report.
Neither argument is persuasive.
The language of section 375.1 of the Family Court Act is plain and unambiguous. The statute expressly provides for the sealing of records unless the presentment agency “demonstrates to the satisfaction of the court that the interests of justice require otherwise”. If the Legislature had intended the records to remain automatically unsealed in every case in which the presentment agency were to make such an application, it would not have required the presentment agency to demonstrate the legitimacy of a request to prevent sealing. Instead, the Legislature in section 375.1 has placed the burden upon the presentment agency to show that the records should not be sealed and has required the court to apply its discretion in determining whether or not that burden has been satisfied. Accordingly, the court finds that the presentment agency’s interpretation of section 375.1 is inconsistent with the language of the statute and the Legislature’s intent.
The presentment agency’s second argument ignores the fact that section 375.1 of the Family Court Act was enacted to grant juvenile respondents the same benefits enjoyed by adult defendants with regard to the sealing of records. The commentaries to section 375.1 of the Family Court Act indicate that the statute was patterned after CPL 160.50 and that the sealing provisions of both statutes are substantially the same. Consequently, relevant interpreta *247 tions of the Criminal Procedure Law are significant in construing the provisions of section 375.1. (See Family Ct Act, § 303.1, subd 2.)
CPL 160.50 mandates the sealing of all records pertaining to a criminal prosecution where a defendant is exonerated or a proceeding has terminated in favor of a defendant. The purpose of the sealing provisions as stated by the Governor in his memorandum approving the legislation, is “to protect the rights of individuals” and to give effect to the “presumption of innocence” in criminal proceedings. (Governor’s memorandum of approval, McKinney’s Session Laws of NY, 1976, p 2451.) In his memorandum the Governor went on to say that the legislation “simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law”.
In view of the purpose of the statute it follows that sealing should occur where a case has been dismissed in favor of an accused even though a future proceeding may arise involving the same defendant. This conclusion is supported by the 1977 amendment of CPL 160.50 which provides for the sealing of records despite the pendency of other criminal charges against a defendant (L 1977, ch 905). Additional support is to be found in the legislative memorandum accompanying the 1977 amendment which states: “The existence or nonexistence of another pending action is really irrelevant. If the instant action has been determined favorably to the defendant, he is entitled to have the record thereof sealed. The pending action, if there is one, is an independent event which will eventually be resolved, in terms of section 160.50, on its own merits.” (Memorandum of State Executive Dept., McKinney’s Session Laws of NY, 1977, p 2453.) Thus, if a pending criminal proceeding does not constitute a bar to the sealing of records it cannot logically be said that a future hypothetical proceeding constitutes such a bar.
Moreover, in proceedings involving juveniles, confidentiality has long been practiced by the courts pursuant to statute and case law to protect juveniles from unwarranted stigmas. Accordingly, a strict application of the sealing provisions is required. (See Family Ct Act, §§ 380.1, 381.2, *248 381.3; Matter of Richard S. v City of New York, 32 NY2d 592, 596.) If the Legislature had intended to include unproven conduct in a juvenile’s “history” in light of the policy which has traditionally existed in this area, the Legislature would have specifically provided for the same in article 3 of the Family Court Act.
Based on all of the foregoing, the motions in these proceedings, all of which were terminated favorably to the respondents, should be denied and the records sealed. Orders directing the sealing of each of the respondents’ records pursuant to section 375.1 of the Family Court Act will therefore be filed.