OPINION OF THE COURT
Frank Torres, J.
I. STATEMENT OF FACTS
Respondent herein came before this court on a delinquency petition alleging that he had been involved in acts, in concert with others, that if committed by an adult would constitute the crimes of criminal mischief in the third degree (Penal Law, § 145.05) burglary in the third degree (Penal Law, § 140.20) and criminal trespass in the third degree (Penal Law, § 140.10).
At the fact finding, respondent made an admission to violation of section 140.10 of the Penal Law (criminal trespass, third degree) in that he had been inside complainant’s grocery store without permission. After allocution, the court accepted respondent’s admission in full satisfaction of the entire petition.
At disposition, the Department of Probation reported to the court its finding that the respondent was not in need of *912 court services or supervision since this incident was respondent’s first contact with the court, respondent’s attitude was genuinely remorseful, and the quality of the relationship between respondent and his mother impressed as very positive. Accordingly, the court adopted the recommendation that the petition against the respondent be dismissed pursuant to section 352.1 of the Family Court Act (old law, Family Ct Act, former § 751).
II. RELIEF SOUGHT
The motion presently before the court involves an application by Corporation Counsel to prevent the sealing, pursuant to section 375.1 of the Family Court Act of all official records relating to this proceeding.
III. ISSUES PRESENTED
A. Is there a termination of the proceeding “in favor of the respondent”.
B. Does the favorable termination mandate the sealing of all official records.
C. In deciding whether or not to seal “in the interests of justice”, what are the principal considerations which guide the court’s exercise of judicial discretion and judgment.
D. Is it “in the interests of justice” in this instance, that the records not be sealed.
IV. DISCUSSION
This court finds that the issues raised by the instant motion are governed by and are subject to the intentions of the Legislature as stated in section 375.1 of the Family Court Act and as signed into law as chapters 920 and 926 of the Laws of 1982.
This court finds that the circumstances surrounding the dismissal of the petition herein fall directly within the statutory definition of a proceeding “terminated in favor of * * * respondent” (Family Ct Act, § 375.1, subd 2, par [f]). The court is mindful that such a favorable termination is authorized notwithstanding the fact that the contents of a petition alleging the commission of an act by the respondent, which if committed by an adult, would be a crime, have been proven beyond a reasonable doubt. (Family Ct Act, § 342.2, subd 2.) Furthermore, the dismissal of the *913 case constitutes an adjudication at the conclusion of a dispositional hearing, based on a preponderance of all material and relevant evidence. (Family Ct Act, § 350.3.)
With respect to the principal issue raised by the motion presently before the court it is the considered opinion of this court that sealing all official records of a respondent does not “automatically” follow a favorable disposition. Conversely, this court finds that a motion by the presentment agency does not mandate a decision by this court not to seal. This court is not persuaded by the vigorous arguments advanced by counsels on behalf of either extreme position.
It is clear from this court’s reading of section 375.1 of the Family Court Act that it is the Legislature’s intent to favor the respondent, to wit, give the respondent a fresh start with a clean record, by shifting the burden of preventing this outcome to the presentment agency and the court. However, notwithstanding the statute’s protective purpose, it is the opinion of this court that the Legislature did not intend a simplistic approach to the issue of sealing. Clearly, had the Legislature intended an automatic approach to this issue in all delinquency proceedings terminated in favor of a respondent, such a mandate would have been simply and explicitly stated in the statute, without exception, or provision for an alternative determination. It would not have entrusted to the Judge the difficult burden of deciding when to seal, vel non, “in the interests of justice”, if there were any intention to limit the court’s jurisdiction over such matters. From this court’s reading of section 375.1, it is clear that it may review all of the material and relevant evidence available to it during the course of the dispositional hearing. It may determine that the “interests of justice” are served by not sealing the records, notwithstanding that there may be a failure to establish, by a preponderance of the evidence, the respondent’s need for supervision, treatment or confinement.
There is no definition or criteria contained in the statute providing guidance as to what constitutes “in the interests of justice”, nor for that matter, the factors to be considered in that regard.
*914 This court therefore concludes that it must arrive at a determination of the issue in the instant case, based on the individual merits, considering all attendant factors that are material and relevant and deemed by this court to be consistent with the concept, “in the interests of. justice”.
To that end, the court has identified and considered the following factors: the nature of the charge, the history of the respondent, the composition, structure and characteristic of the respondent’s family, the revealed characteristics of the behavioral patterns and inclinations of the respondent, the apparent likelihood of continuation of such behavior, the interests and concern of the community in the respondent and his development, the probability of future need for access to such information, the value, importance and meaningfulness of such information and history to social agencies likely to be involved in rendering treatment or services to the respondent, and to law enforcement agencies likely to be involved with the respondent in the enforcement of the law and protection of the community.
Having rejected the simplistic argument of mandated sealing, this court has proceeded to an appropriate conclusion in this case, based on a thorough review of all material and relevant evidence, before the court, received for purposes of disposition.
CONCLUSION AND RATIONALE
In the instant proceeding there is a finding by the court that the respondent committed an act, which if committed by an adult would constitute a crime. Hence, this is not an instance where if records were not sealed, a person may suffer an odious consequence merely on the basis of an accusation or a charge not sustained in a court of law. Consequently, sealing the respondent’s record in this instance would not be consistent with a presumption of innocence.
Nevertheless, having weighed all the material and relevant evidence, including an investigation and report, the court is satisfied that the respondent exhibits a healthy attitude; an appropriate remorse for his acts; that there is concerned parenting involved; and reasonable prospects for *915 positive development; the unlikely repetition of such behavior; or that social and law enforcement agencies are going to be involved with this repondent or that in the foreseeable future, he will need treatment or services. Therefore, in accordance with section 375.1 of article 3 of the Family Court Act this court concludes that the “interests of justice” do not require an order not to seal respondent’s records.
Accordingly, this court directs that an order issue sealing all official records and papers, including judgments and orders of this court, relating to the arrest, the prosecution and the probation service proceedings, including all duplicates or copies thereof, on file with the court, police agency, probation service and presentment agency.