*191 OPINION OF THE COURT
John F. Pollard, J.
This is a motion by the presentment agency seeking an order, in the interests of justice, to prevent the sealing of the records of a juvenile respondent pursuant to section 375.1 of the Family Court Act. The underlying petition, which alleges that the respondent did acts which if committed by an adult would constitute attempted rape (Penal Law, §§ 110.00, 130.35), sexual abuse (Penal Law, § 130.65), unlawful imprisonment (Penal Law, § 135.10) and menacing (Penal Law, § 120.15) has been dismissed as a result of the request of the four-year-old complainant’s mother to withdraw the petition and her refusal to allow the child to testify.
The presentment agency argues that section 375.1 of the Family Court Act is mandatory, not discretionary, in requiring the court to enter an order preventing the sealing of a juvenile respondent’s records merely upon a motion for such relief by the presentment agency. Judge Nason, in Matter of Steven R. (121 Misc 2d 245, 246), has addressed that precise argument in holding: “The language of section 375.1 of the Family Court Act is plain and unambiguous. The statute expressly provides for the sealing of records unless the presentment agency ‘demonstrates to the satisfaction of the court that the interests of justice require otherwise’. If the Legislature had intended the records to remain automatically unsealed in every case in which the presentment agency were to make such an application, it would not have required the presentment agency to demonstrate the legitimacy of a request to prevent sealing. Instead, the Legislature in section 375.1 has placed the burden upon the presentment agency to show that the records should not be sealed and has required the court to apply its discretion in determining whether or not that burden has been satisfied. Accordingly, the court finds that the presentment agency’s interpretation of section 375.1 is inconsistent with the language of the statute and the Legislature’s intent.” This court agrees with the reasoning therein.
The presentment agency contends that if the records of the respondent are sealed, any dispositional hearing in a *192 future proceeding against the same respondent will be “sabotaged” because the investigation and report by the Department of Probation will not include the records of the underlying proceeding and thus will not provide the court with a complete assessment of the respondent’s previous conduct as required by section 351.1 of the Family Court Act. Several arguments must be advanced in opposition to this contention of the presentment agency. First, although section 351.1 of the Family Court Act requires a probation investigation to include a juvenile’s previous conduct, the instant proceeding has been dismissed without any finding or admission that the respondent did any of the alleged acts. Therefore, any future investigation can and will be complete without inclusion of the fact that this petition was filed and dismissed, since no proof has been received that the respondent’s previous conduct includes any unlawful acts. Second, use of a juvenile respondent’s records at a subsequent dispositional hearing when the initial proceeding has been terminated in favor of the respondent is in direct violation of both the letter and spirit of section 375.1 of the Family Court Act. This proceeding was terminated in favor of this respondent pursuant to section 375.1 (subd 2, par [a]) of the Family Court Act and the statute clearly requires these records to be sealed unless the presentment agency can prove or the court can determine that it is in the interests of justice to do otherwise. Furthermore, the intent of the sealing provision, which is to protect the rights of the individual from the adverse consequences of allegations that do not result in a conviction,[1] would be violated by a finding that these records should be left unsealed because of a hypothetical need for them in the future. Such a finding would be based on the impermissible presumption that this respondent is likely to commit acts in the future which will bring him within the jurisdiction of this court. (Cf. United States ex rel. Martin v Strasburg, 513 F Supp 691, which holds that the pretrial detention of a juvenile respondent based on the probability that he will commit a crime before the return date is in violation of due *193 process.) Accordingly, when a proceeding is terminated favorably to a respondent and the records therein are sealed, the unavailability of those records for use in any future dispositional hearing does not impair the effectiveness of the Department of Probation when conducting its investigation and preparing its report.
The presentment agency has failed to assert adequate grounds to support its contention that it is in the interests of justice to leave the records of this juvenile respondent unsealed. The arguments here presented do not address the factual circumstances of this proceeding or concern this individual respondent. Since the statute requires sealing unless the presentment agency is able to prove that it is in the interests of justice to do otherwise, it is the burden of the presentment agency to show why the records of this proceeding should remain open. “A motion to prevent sealing which states no special equities or unique facts peculiar to a particular prosecution at bar is in the final analysis, framed upon a disagreement with legislative articulation of the public policy of this State and is properly addressed to the Legislature rather than the court.” (Matter of Wayne M., 121 Misc 2d 346, 348.)
But should the court on its own motion determine that it is in the interests of justice to leave the records of this juvenile respondent unsealed? The respondent herein was charged with acts which if committed by an adult would constitute the crimes of attempted rape, sexual abuse, unlawful imprisonment and menacing in that he allegedly restrained a four-year-old female child and attempted to “subject her to sexual intercourse by forcible compulsion by placing his penis on her vagina, further intentionally placing complainant in fear of imminent serious physical injury”. The petition was supported by the deposition of the complainant made on her behalf by her mother. The child’s grandmother was the respondent’s foster mother at the time of the alleged incident. Due to long delays occasioned by the respondent’s failure to appear and the resulting need to issue a warrant for his return to court, this matter did not come on for hearing until January 19,1984, more than 13 months after the acts charged in the petition allegedly occurred. At that point, *194 the complainant’s mother refused to allow her to testify and requested that the petition be withdrawn. Although these are serious allegations, including acts of violence against a young child, which have been dismissed due to the unavailability of the complainant to testify, the respondent nonetheless has a statutory right to have all records of this proceeding sealed. (Family Ct Act, § 375.1, subd 2, par [a].)[2] The court, however, on motion of the presentment agency or on its own motion, may order the records of the respondent to remain unsealed if it determines that it is in the interests of justice to so order. Used in the context of section 375.1 of the Family Court Act, the term “interests of justice” demands a higher burden of proof than would be required to be shown in a motion to dismiss in the interests of justice (Family Ct Act, § 315.2) or a motion to seal a respondent’s records after a finding (Family Ct Act, § 375.2). In those latter instances, the respondent is seeking a benefit (dismissal or sealing) not otherwise provided him by law and as the moving party he must show that, due to some unusual and compelling circumstances continuation of the proceeding or leaving the respondent’s records unsealed would result in injustice. Conversely, under section 375.1 of the Family Court Act it must be shown by the other side that the denial of a benefit to which the respondent is statutorily entitled — the sealing of these records — would result in injustice. Although the court is granted the discretion to deny the respondent that statutory right, a determination that it is in the interests of justice to so order should be made only under the most extraordinary and compelling circumstances.
What should the court consider when determining whether such extraordinary and compelling circumstances *195 exist? Assuming, as we are bound to do, that the Legislature enacted section 375.1 of the Family Court Act “with deliberation and with knowledge of the existing statutes on the same subject” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 222) and that all parts of a statute must be read together and construed as a whole to determine its purpose and intent (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 97, 98), urgent purposes for which access to sealed records may be necessary have already been taken into account by the Legislature:
1. The availability of records for the use of the Department of Probation, at any future adjustment process involving the same respondent is no longer something the court need consider in determining whether the interests of justice require a respondent’s records to remain unsealed. While the Legislature has granted juvenile respondents the right to have their records sealed if the proceeding against them has been terminated in their favor it specifically allows the Department of Probation access to those records for the purpose of determining whether or not a future case may be adjusted if the initial proceeding and the future allegations are of crimes specified in subdivision 4 of section 308.1 of the Family Court Act.[3] (Family Ct Act, § 375.1, subd 3, as amd by L 1983, ch 398, § 48.) This statute was only recently enacted in the face of rule 2507.5 of the Family Court (22 NYCRR), the substance of which now appears in rule 2503.3 of the Family Court Act (22 NYCRR), which provides that when determining whether a case is suitable for adjustment, “the probation service shall consider * * * whether there have been prior adjustments”.[4] Therefore it is clear that the Legislature carefully considered the need of the Department of Probation for *196 such records but nevertheless acted to accord respondents the right to have those records sealed, with the specific exception to sealing that permits the Department of Probation access only to records of respondents who are charged with acts specified in subdivision 4 of section 308.1 of the Family Court Act and who have had prior adjustments of proceedings in which the respondent allegedly committed an act specified in subdivision 4 of section 308.1 of the Family Court Act. This court concludes then, that the Legislature intended to deny application of the exception to those records wherein the proceeding was terminated in favor of the respondent in any manner other than adjustment and also to adjusted cases that alleged less serious crimes. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 213.) Since, however, the instant proceeding was terminated in favor of the respondent by withdrawal of the petition and was not adjusted, the Department of Probation cannot be granted access pursuant to subdivision 3 of section 375.1 of the Family Court Act to this respondent’s records even though one of the alleged acts, sexual abuse, is one of the crimes enumerated in subdivision 4 of section 308.1 of the Family Court Act. Therefore, because the Legislature has already spoken as to which type of favorable termination — adjustments — may be made available to the Probation Department, and as to any adjustments, only those of specified acts, it would be beyond this court’s discretion to read into the statute an exception not expressly made and permit this respondent’s records to remain unsealed for the purpose of any future adjustment process.
2. The need for the respondent’s records in any future dispositional hearing in the Family Court or in sentencing hearings in another court has been considered. Section 375.1 of the Family Court Act adopts the provisions of CPL 160.50, except for some “favorable terminations” that have no comparable application in Family Court, and adds two additional “favorable terminations” — withdrawal of the petition (Family Court Act, § 375.1, subd 2, par [a]) and dismissal of the petition when the court determines after a dispositional hearing that the respondent does not require supervision, confinement or treatment (Family Ct Act, *197 § 375.1, subd 2, par [f]).[5] As a consequence, respondents, including those respondents charged with a serious crime or a designated felony, are entitled to have those records sealed if the petitions are withdrawn, despite the reason for the withdrawal. Furthermore, even those respondents who have admitted committing the acts alleged in the petition or who have been found, beyond a reasonable doubt, to have committed those acts, have the statutory right to seal these records if the court finds that they are not in need of supervision, treatment, or confinement. Section 381.2 of the Family Court Act provides that the records of a respondent that are sealed pursuant to section 375.1 of the Family Court Act are no longer available to another court for consideration when imposing sentence on that respondent if he is convicted as an adult.[6] Reading sections 375.1 and 381.2 of the Family Court Act together it is clear that the intent of the Legislature is to seal all records of a respondent who has not been determined to be a juvenile delinquent, even where the acts alleged in the petition are admitted or proven, and that the protection thus afforded the respondent extends not only to dispositional hearings in this court but also to criminal sentencing proceedings in other courts when the respondent is convicted as an adult. Consider, also, that while CPL 160.50 provides for a procedure in adult cases whereby sealed records may be made available both to a prosecutor when a defendant seeks an adjournment in contemplation of dismissal in cases involving marihuana and to a law enforcement agency upon a showing that justice requires such unsealing, section 375.1 of the Family Court Act contains only the exception previously discussed concerning adjustment. This omission of a means to obtain access to sealed records[7] argues strongly in support of the Legisla *198 ture’s intent to protect respondents from the use of sealed records in any future proceedings. Reinforcing the intent of the Legislature is the conspicuous amendment of section 381.2 of the Family Court Act (L 1982, ch 926, § 17, eff July 1, 1983) which deleted reference to records sealed after a finding of delinquency, thus allowing such records to be used by another court in sentencing proceedings but continuing to ensure that records sealed under section 375.1 of the Family Court Act (“favorable terminations”) remain inviolate. The petition against the respondent herein having been withdrawn, he is entitled to the full protections of both sections 375.1 and 381.2 of the Family Court Act absent the existence of any extraordinary circumstances.
Under what circumstances then, should the court exercise its discretion and determine that it is in the interests of justice to leave the records of a respondent unsealed? Surely if it can be shown that the respondent directly caused the petition to be withdrawn by interfering with or threatening the complainant or other witnesses, the interests of justice would be served by permitting the respondent’s records to remain unsealed. Likewise, proof that the respondent committed fraud, duress or any other misconduct during the adjustment process or during any hearings before the court could result in an order to leave these records unsealed. Absent some overt act of the respondent resulting in a dismissal of the petition, however, it would appear that the Legislature has preempted the court’s deliberations and requires sealing of these records. As to the respondent herein, nothing in the court file or the motion papers of the parties indicates the existence of any such extraordinary circumstances. And where the Legislature has spoken with such clear intent to protect the records of respondents who have not had findings of juvenile delinquency made against them, it would be error to limit application of the law. The withdrawal of the petition against this respondent and the dismissal of the proceeding *199 clearly falls within the provisions of section 375.1 of the Family Court Act and requires the sealing of these records.
In accordance with the foregoing reasons, the motion of the presentment agency should be denied.

. See Kamins, Sealing Provisions Under the Criminal Procedure Law, 35 Brooklyn Barrister 36; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 375.1; NY Legis Ann, 1976, p 408 (L 1976, ch 877); NY Legis Ann, 1977, p 322 (L 1977, ch 905).

. Prior to 1977, the authority for sealing or expunging Family Court records was found in the court’s inherent power over its own records and a broadly interpreted section 166 of the Family Court Act; such power did not extend to records other than those of the court. (See Matter of Richard S. v City of New York, 32 NY2d 592.) In 1977, former section 753-b of the Family Court Act was enacted giving the Family Court statutory authority over its own records as well as those of the police. (See Matter of Dorothy D., 49 NY2d 212; Matter of Anthony P., 49 NY2d 1022; Matter of Dennis B., 104 Misc 2d 166.) Effective July 1,1983, sections 354.1, 375.1, 375.2, 375.3, 381.2 and 381.3 of the Family Court Act give the court statutory authority over its own records and those of the presentment agency, the Probation Department, police department and other law enforcement agencies, reaffirm the court’s inherent power over its own records and prohibit access to these records by another court if sealed pursuant to section 375.1.

. Subdivision 4 of section 308.1 of the Family Court Act provides that the probation service shall not adjust a case in which the respondent has allegedly committed reckless endangerment, first degree; manslaughter, second degree; rape, third degree; sodomy, third degree; sexual abuse, first degree; coercion, first degree; burglary, third degree; arson, third degree; robbery, third degree; or criminal possession of a weapon, first degree, second degree or third degree where the respondent has “previously had one or more adjustments of a case in which such child allegedly committed an act which would be a crime specified in this subdivision”.

. Former rule 2507.5 of the Family Court (22 NYCRR) applied to proceedings involving juvenile delinquents and persons in need of supervision (PINS). Effective October 13, 1983, rule 2507.5 of the Family Court (22 NYCRR) applies only to PINS proceedings and rule 2503.3 of the Family Court (22 NYCRR) applies only to juvenile delinquency proceedings.

. The “favorable terminations” in CPL 160.50 not adopted in section 375.1 of the Family Court Act are dismissals due to (1) the defendant having obtained immunity, (2) a jurisdictional impediment to conviction, (3) insufficient or deficient Grand Jury evidence, (4) an order setting aside the verdict, (5) an order vacating the judgment, and (6) an order of the Grand Jury dismissing the proceeding.

. But see Williams v New York (337 US 241) and United States v Grayson (438 US 41) which affirm the authority of a sentencing court to consider information about a defendant’s prior conduct even if that conduct did not result in a conviction.

. Contra Matter of Wayne M. (121 Misc 2d 346, 349-350, supra) in which Judge Gartenstein asserts that the “strange notion that these magic words sealing a docket forever cut off access to it or the information it contains either by the court itself or by auxiliary personnel on proper application to a Judge is sheer nonsense on stilts.” *198 However, the Legislature conspicuously did not adopt the language of CPL 160.50 that permits access to these records upon ex parte motion. In view of the direction by the Legislature that the Criminal Procedure Law does not apply to these proceedings unless specifically prescribed by statute (Family Ct Act, § 303.1), it is not at all clear that any access to these records will be permitted except for what is specifically granted in subdivision 3 of section 375.1 of the Family Court Act.