*862 OPINION OF THE COURT
Jeffry H. Gallet, J.
Respondent moves pursuant to section 354.1 (7) of the Family Court Act for an order to expunge any copies of his fingerprints, palm prints, photographs, and related information in possession of the Family Court, the Commissioner of the Division of Criminal Justice Services, or any other police department or law enforcement agency. In addition, respondent asks for the sealing of all arrest and prosecution records of his juvenile delinquency proceeding.
THE FACTS
Respondent, at the age of 15, was charged with attempted robbery in the first degree (Penal Law § 160.15), robbery in the third degree (Penal Law § 160.05) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01), acts that if committed by an adult would be class B and D felonies and a class A misdemeanor, respectively. Upon agreement with the prosecution, a guilty plea to robbery in the third degree (Penal Law § 160.05) was entered and the other charges dismissed. One of the conditions of the plea bargain was the records not be sealed. At the disposition respondent was granted a conditional discharge.
Respondent is now 21 and alleges that he has had no criminal convictions or any pending criminal actions, subsequent to his delinquency adjudication. The prosecution does not contest that allegation.
THE ISSUE
At issue is whether respondent has a statutory right to expungement of his fingerprints, palm prints, photographs and related information pursuant to his arrest and subsequent delinquency proceedings and whether this right extends to sealing the records of this proceeding.
RECORDS OF CRIMINAL JUSTICE AGENCIES
Respondent’s first request concerns Family Court Act § 354.1 (7), which states: "[w]hen a person fingerprinted pursuant to section 306.1 and subsequently adjudicated for a felony * * * reaches the age of twenty-one * * * and has no criminal *863 conviction * * * all fingerprints, palmprints, photographs and related information and copies thereof obtained pursuant to section 306.1 in the possession of the division of criminal justice services, any police department, law enforcement agency or any other agency shall be destroyed forthwith.” (Emphasis added.)
Respondent, at age 21 without criminal conviction or pending criminal actions, fits within the ambit of Family Court Act §354.1(7).
The rationale for that section was explained by the Appellate Division in Matter of Anthony P. (65 AD2d 294 [2d Dept 1978]) which dealt with the section upon which Family Court Act § 354.1 (7) is based, Family Court Act former § 753-b. The court there said that the "juvenile would be forced to suffer in the realm of missed opportunities in " 'schooling, employment or professional licenses” ’ * * * if the arrest records were not destroyed as authorized by the statute * * * [further, e]xpunction of the Family Court’s records * * * is clearly consistent with the aims of [the statute]”. (Supra, at 303.) Thus, preventing discriminatory practices associated with any judicial proceedings and promising a fresh start. (Matter of Hiram G., 123 Misc 2d 911, 913 [1984].)
However, expungement of all records will only be granted if allegations of juvenile delinquency are disposed of in any manner other than an adjudication of delinquency. (Matter of Anthony P., supra, at 297.) But, if there is an adjudication of delinquency, then, provided that statutory mandates of Family Court Act § 354.1 (7) are met, fingerprints, palm prints, photographs and related information may be destroyed. With respect to those sections, respondent’s motion is consistent with the legislative language and intent of Family Court Act § 354.1 (7), the progeny of former section 753-b. For all of the foregoing reasons, the court will order the expungement of respondent’s fingerprints, palm prints, photographs and related information as requested.
FAMILY COURT RECORDS
The power of the Family Court over its own records is well established. (Family Ct Act § 375.3; see also, Matter of Dorothy D., 49 NY2d 212, 215 [1980].) The power to seal records has been utilized by the Family Court to insure confidentiality of an adjudication that ended favorably to a respondent. (Matter *864 of Henry v Looney, 65 Misc 2d 759, 760 [1971].) The court also has the power to expunge records independent of a statutory grant (Matter of Dorothy D., supra).
However, the Family Court’s power "should not be indiscriminately employed, particularly where * * * the adjudication which terminates the arrest is for reasons not consistent with complete innocence”. (Matter of Dorothy D., supra, at 216.) When the respondent is blameless, no "legitimate [societal] purpose” exists for preserving the arrest records. (Supra, at 216.) The same is not true after a conviction. The Court of Appeals has held that the statutory language of Family Court Act § 375.1 is clear and unambiguous and that it directs the sealing of records " '[u]pan [favorable] termination of * * * [juvenile] delinquency proceeding^]’ ” (Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665 [1988]; see also, Matter of Hiram G., 123 Misc 2d 911, supra). Finally, sealing records with respect to juvenile delinquency proceedings terminating favorably is not absolute. The Family Court has inherent powers over its records (Matter of Hiram G., supra, at 913), and that if the court decides "that the 'interests of justice’ are served by not sealing the records,” the court may order that the records not be sealed.
Further, the plea court made it quite clear that one of the conditions of the plea was that the record not be sealed.
Assuming, arguendo, that there had been no plea bargain, the case law still would not support sealing. The Family Court seals the record of prior adjudications where the proceeding terminated favorably to a respondent.
Sealing of court records should not be a device to rewrite history, which appears to be the intent of this respondent. His situation differs not at all from thousands of others convicted of juvenile delinquency. Had the Legislature intended to seal all such records, as it intended to have fingerprints and other such records destroyed, it would have said so.
In addition, I note that Family Court records, even if not sealed, are not open to the public. Those records are available only to the parties, the court and those authorized to see them by the court. (22 NYCRR 205.5.)
DECISION
The branch of the motion requesting the destruction of fingerprints, palm prints, photographs and related information is granted.
*865 The branch of the motion requesting the sealing of the Family Court records is denied. Even if such sealing had been contemplated by the statute, and I find it was not, the motion would have to be denied because it violates the terms of the plea bargain. There would be no plea bargaining, and delinquent children like this respondent would be unable to reap the benefits of a fair bargain, if the prosecution were not reasonably secure that the terms of the bargain will be met.