OPINION OF THE COURT
Sara P. Schechter, J.
The presentment agency moves pursuant to Family Court Act § 375.1, in the interest of justice, to prevent sealing of the records of the instant juvenile delinquency proceeding. On October 11, 1988 before this court, respondent admitted to acts constituting unlawful possession of weapons by persons under *791 16 (Penal Law § 265.05). The Penal Law states, "A person who violates the provisions of this section shall be adjudged a juvenile delinquent.” (Penal Law § 265.05.) Notwithstanding the mandatory language of Penal Law §265.05, the court followed Family Court Act § 352.1 (1), which states that a finding of delinquency can be entered only at the conclusion of a dispositional hearing in which the court has determined that the respondent requires supervision, treatment or confinement. Accordingly, the court ordered the Probation Department and Mental Health Services to perform studies to ascertain respondent’s needs. The matter was set down for disposition on December 13,1988.
On the disposition date respondent failed to appear. The court was informed that respondent in the interim had been again arrested — in Morris County, New Jersey — but was not advised that he was being detained in Morris County. A specific condition of respondent’s parole on the prior court date had been that he reside with his father in Manhattan. A warrant was issued for respondent, with a copy to the Assistant Corporation Counsel, who stated that the authorities in Morris County would be informed of the issuance of the warrant.
Respondent was not heard of again in our court until July 11, 1991, when he voluntarily returned himself on the warrant. Respondent is now 19 years old and is employed as a security guard. He now informs the court that he had two separate arrests in Morris County during the pendency of his Brooklyn case and was detained there off and on and was apparently so detained on the date his Brooklyn case was scheduled for disposition. Since respondent is now 19 years of age, working full time, and serving a term of probation as a result of the Morris County cases, it is conceded that respondent would not benefit from any services which the Family Court has to offer. Accordingly, the presentment agency waived dispositional hearing and consented to the dismissal of the within petition pursuant to Family Court Act § 352.1 (2).
Pursuant to Family Court Act § 375.1 (2) (f) such a termination of the delinquency proceeding would result in automatic sealing of the record unless the presentment agency demonstrates to the satisfaction of the court that the interests of justice require otherwise.
The presentment agency argues in opposition to sealing the records of this case that the interests of justice would not be *792 served by permitting respondent to profit from his own wrongdoing in fleeing the jurisdiction. Respondent counters that "a dismissal is a dismissal.” In support of this proposition, respondent points to several decisions by courts of coordinate jurisdiction which denied motions to prevent sealing. In the first of these cases, Matter of Steven R. (121 Misc 2d 245 [Fam Ct, Bronx County 1983]), the presentment agency sought to bar sealing on the sole grounds that the respondent had other pending delinquency cases which had not yet reached the dispositional stage. The court (Nason, J.) declined to carve out such a judicial exception to the statute.
In the second case, Matter of Wayne M. (121 Misc 2d 346 [Fam Ct, NY County 1983]), the presentment agency’s application was premised on the fact that the dismissal of the delinquency charges was not a decision on the merits since it was caused by the unavailability of the complainant, a tourist who returned to Sweden before the trial date. Again the court (Gartenstein, J.) ruled that this was an argument properly addressed to the Legislature rather than the court.
In Matter of Robert S. (123 Misc 2d 225 [Fam Ct, Kings County 1984]), the presentment agency again argued the need to prevent sealing due to other pending delinquency cases, which the court (Mainzer, J.) found insufficient, in line with the decision in Matter of Steven R. (121 Misc 2d 245, supra). An additional theory was advanced, however, based on the fact that the respondent had a warrant history on the case in which sealing was at issue, which history, it was contended, should be made known to the Probation Department and the court in future proceedings in which a parole/remand decision would have to be made. The court again noted that the Legislature could easily have exempted warrant histories from the purview of the sealing statute and found that whatever difficulty sealing might entail was outweighed by the importance of protecting the presumption of innocence.
Respondent also submits an unpublished decision, Matter of Ricardo F. (Fam Ct, NY County 1985), which holds that a withdrawal of charges as part of a plea bargain is a disposition favorable to the respondent and thus subject to sealing. This decision is inapposite, as the case at bar was not withdrawn in exchange of any concession by respondent, but was rather dismissed on the consent of the presentment agency only because of the obvious futility of the Family Court attempting to treat a young adult such as respondent has become during the three years since the warrant was issued.
*793 The cases relied upon by respondent have in common that they all declined to establish generic exceptions to the sealing statute. In the case at bar, however, the application of the presentment agency rests upon the specific conduct of the respondent, fleeing the jurisdiction during the pendency of the proceeding in violation of the terms of his parole, and after his guilt for the underlying offense was admitted. Respondent’s argument that he thought this Brooklyn, New York, proceeding was somehow disposed of along with his Morris County, New Jersey, cases is unworthy of belief. His conduct was clearly contumacious, and he chose to return himself on the warrant only when he believed himself to be well beyond reach of this court’s power. Sealing these records would reward and encourage such disrespect for the court. The interests of justice will be served by allowing the record to remain unsealed.
Accordingly, the motion to prevent sealing is granted.