■ In the Matter of DANIEL PP., a Person Alleged to be in Need of Supervision, Appellant. JEANNE D. SCHULZ, as Principal of Berlin Elementary School, et al., Respondents. [638 NYS2d 797] —Casey, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered March 23, 1995, which, *inter alia*, in a proceeding pursuant to Family Court Act article 7, denied respondent's motion to expunge the record.

Based upon allegations of a series of acts of misconduct which resulted in respondent's expulsion from school, this proceeding was commenced by a petition which alleges that respondent, then age 10, is a person in need of supervision. As an apparent result of dramatic improvement in respondent's conduct due to the intervention of professional counselors, the petition was withdrawn. Respondent thereafter moved to expunge the Family Court records. Family Court denied the motion and sealed the court records. Respondent appeals.

Despite the absence of any statutory authorization for the expungement of Family Court records, Family Court has the authority to do so in the exercise of its inherent power over its own records (*see, Matter of Dorothy D.*, 49 NY2d 212, 215). Assuming that the Legislature could abridge this inherent power, we reject petitioner's argument that Family Court no longer has the authority to expunge its own records in a proceeding pursuant to Family Court Act article 7 merely because Family Court Act article 3, which applies to juvenile delinquency proceedings, contains an express recognition of the court's inherent power while article 7 contains no such provision.

Turning to the merits of respondent's appeal, the Court of Appeals has cautioned that although the exercise of the power to expunge "necessarily must be consigned to the sound discretion of the court of first instance * * * the power to expunge should not be indiscriminately employed, particularly where, for example the adjudication which terminates the [proceeding] is for reasons not consistent with complete innocence" (*Matter of Dorothy D., supra*, at 216). The instant proceeding was not terminated for reasons consistent with complete innocence. The record reveals that the petition was withdrawn not because respondent was innocent of the misconduct alleged in the petition, but because the behavioral problems that prompted the initiation of this proceeding had ended as a result of counseling which occurred after the petition had been filed. In these circumstances, we see no abuse of discretion in Family Court's denial of respondent's motion to expunge the records.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.