Matter of Kevin A. H. (2020 NY Slip Op 06787)





Matter of Kevin A. H.


2020 NY Slip Op 06787


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-10981
 (Docket No. D-8312-19)

[*1]In the Matter of Kevin A. H. (Anonymous), appellant.


Laurette D. Mulry, Central Islip, NY (Steven Flaumenhaft and John B. Belmonte of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kevin A. H. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Frank A. Tantone, J.), dated September 3, 2019. The order, after a hearing, found that Kevin A. H. committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree and endangering the welfare of a child, adjudicated him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for placement in a non-secure facility until May 31, 2020. The appeal brings up for review the denial, after a hearing (Frank A. Tantone, J.), of that branch of Kevin A. H.'s motion which was to suppress his statements overheard by law enforcement officials.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed Kevin A. H. in the custody of the New York State Office of Children and Family Services for placement in a non-secure facility until May 31, 2020, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of fact-finding and disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for placement in a non-secure facility until May 31, 2020, has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of fact-finding and disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212; Matter of Stanley F., 76 AD3d at 1068).
After a fact-finding hearing, the Family Court found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree and endangering the welfare of a child.
The appellant's contention that the incriminating statement he made to his mother which was overheard by the police should have been suppressed as the product of custodial interrogation for which he did not receive Miranda warnings (see Miranda v Arizona, 384 US 436) is without merit. Under the circumstances presented, the appellant's statement was noncustodial and not made in response to police interrogation (see generally Matter of Kwok T., 43 NY2d 213, 219). Thus, contrary to the appellant's contention, his incriminating statement was not the product of any failure to advise him of his Miranda rights, or any violation of Family Court Act § 305.2 (see Matter of Jimmy D., 15 NY3d 417, 421-423). Accordingly, we agree with the Family Court's determination denying suppression of the appellant's statement.
The appellant's remaining contentions are without merit.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court