Matter of Silver v Atanassov (2020 NY Slip Op 07895)





Matter of Silver v Atanassov


2020 NY Slip Op 07895


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2020-00366
 (Docket No. O-18393-18)

[*1]In the Matter of Karolyn Silver, respondent,
v
Kamen Atanassov, appellant.


Kamen Atanassov, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Kings County (Rupert V. Barry, J.), dated December 9, 2019. The order, insofar as appealed from, denied that branch of the husband's motion which was to expunge all references to a temporary order of protection issued in favor of the wife against the husband from police and Homeland Security records, domestic violence registries, and other relevant databases.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
During the pendency of an action for a divorce and ancillary relief, the wife commenced this proceeding pursuant to Family Court Act article 8 against the husband seeking an order of protection excluding him from the marital residence. An ex parte temporary order of protection was issued in favor of the wife and against the husband. After a hearing, the Family Court found, inter alia, that the wife's testimony was not credible. The petition was dismissed with prejudice and the temporary order of protection was vacated. The husband subsequently moved for an award of legal fees and to expunge all references to the temporary order of protection issued against him from police and Homeland Security records, domestic violence registries, and other relevant databases. The court denied the husband's motion. On appeal, the husband challenges the court's denial of that branch of his motion which was to expunge all references to the temporary order of protection issued against him from police and Homeland Security records, domestic violence registries, and other relevant databases.
The husband's argument that he was entitled to the relief requested because the Family Court's inherent power over its own records gives it the authority to order expunged all references to the temporary order of protection issued against him from police and Homeland Security records, domestic violence registries, and other relevant databases is unpreserved for appellate review and, in any event, without merit (see Matter of Dorothy D. , 49 NY2d 212, 215-216).
DILLON, J.P., MILLER, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court